J-S54040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| TRAMALE LOCKETT, | : | |
| | : | |
| Appellant | : | No. 164 WDA 2016 |

Appeal from the PCRA Order December 8, 2015
in the Court of Common Pleas of Allegheny County,
Criminal Division, No(s):  CP-02-CR-0006943-2007

BEFORE:  BENDER, P.J.E., OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED AUGUST 04, 2016**

Tramale Lockett ("Lockett") appeals, *pro se*, from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On November 20, 2007, Lockett pled guilty to one count of firearms not to be carried without a license and was sentenced to 9 to 18 months in prison, with a consecutive term of 5 years of probation.  Due to time served, Lockett was released on December 21, 2007, after serving 8 months and 27 days.

On January 13, 2011, following a probation violation, the trial court sentenced Lockett to 3 to 6 years in prison with credit for time served.  Lockett filed a Motion to Reconsider Sentence, which the trial court denied.

Lockett filed a timely Notice of Appeal, which he discontinued on March 16, 2011.  In the interim, Lockett filed a "Petition for Application of Time

Credit" on February 23, 2011. The court treated the Petition as a PCRA Petition and subsequently issued a Notice of Intent to Dismiss. Thereafter, the PCRA court dismissed the Petition. Lockett did not appeal.[1]

On April 20, 2015, Lockett filed a *pro se* Motion for Writ of *Coram Nobis*. Lockett then filed a *pro se* PCRA Petition on May 1, 2015. The PCRA Court considered these filings, along with two other *pro se* Motions, to be a second PCRA Petition.[2]

The PCRA court provided a Pa.R.Crim.P. 907 Notice of Intent to Dismiss. Lockett filed a Response to the Rule 907 Notice, after which the PCRA Court dismissed the Petition. Lockett then filed the instant Notice of Appeal.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions.

---

[1] Lockett was counseled up to this point of the proceedings.

[2] *See* 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exists when this subchapter takes effect, including *habeas corpus* and *coram nobis*"); *see also id.* § 9543(a)(2) (stating that collateral relief from an illegal sentence may be obtained under the PCRA); *Commonwealth v. Pagan*, 864 A.2d 1231, 1232-33 (Pa. Super. 2004) (treating a writ of *coram nobis* as a PCRA petition).

> Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, a defendant must file any PCRA petition within one year of the date that the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking review." ***Id.*** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

In the present case, Lockett's second PCRA Petition is based on the sentence he received on January 13, 2011; following the revocation of his probation, this is the operative date when examining timeliness under the PCRA. ***See Commonwealth v. Anderson***, 788 A.2d 1019, 1021 (Pa. Super. 2001) (stating that, where a new sentence is imposed at a probation revocation hearing, the PCRA's purpose requires employment of the revocation hearing date). Lockett discontinued his appeal of that sentence on March 16, 2011, thereby rendering his judgment of sentence final. ***See Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008).

Accordingly, Lockett had until March 16, 2012, to file a timely PCRA Petition. Thus, the instant April 20, 2015 Petition is facially untimely under the PCRA.

The PCRA, however, provides three exceptions to the one-year time limitation: (1) the failure to raise the claim was the result of government interference; (2) the facts of the new claim were unknown to the petitioner and could not have been discovered with due diligence; (3) the right asserted is a constitutional right recognized by the United States Supreme Court or the Pennsylvania Supreme Court after the time period provided in the section and has been held to apply retroactively. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any PCRA petition invoking one of these exceptions must be filed within sixty days of the date the claim could have been presented. *Id.* § 9545(b)(2).

Lockett does not invoke any of the timeliness exceptions in his Petition; therefore, he did not properly preserve the exceptions. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (stating that issues not raised in a PCRA Petition will not be considered on appeal); *see also Commonwealth v. Wharton*, 886 A.2d 1120, 1126 (Pa. 2005) (stating that "it is the burden of a petitioner to plead in the PCRA petition exceptions to the time bar[,] and that burden necessarily entails an acknowledgment by the petitioner that the PCRA petition under review is untimely but that one or more of the exceptions apply"). In his Response to the Rule 907 Notice of Intent to Dismiss, Lockett raises the governmental

interference and newly-discovered evidence timeliness exceptions. However, the fact that Lockett raises these claims for the first time in reply to the PCRA court's Notice of Intent to Dismiss does not preserve the exceptions for review. ***See Commonwealth v. Derrickson***, 923 A.2d 466, 469 (Pa. Super. 2007) (stating that "if, after he received the PCRA court's notice of its intent to dismiss, [a]ppellant desired to properly allege any of the exceptions enumerated under 42 Pa.C.S.A. § 9545(b)(1), then he should have sought leave to amend his petition in order to present such allegations.").

Because Lockett failed to properly preserve the governmental interference and newly-discovered evidence exceptions to the PCRA's time bar, we cannot address his PCRA Petition.[3] Further, because Lockett's Petition is untimely, we cannot review the merits of his claim regarding the legality of his sentence. ***See Commonwealth v. Miller***, 102 A.3d 988, 995

---

[3] Even if properly preserved, Lockett's timeliness exception claims would have failed. His assertion that ineffective assistance of counsel constitutes governmental interference is contrary to settled law. ***See Commonwealth v. Pursell***, 749 A.2d 911, 916 (Pa. 2000) (stating that "claims relating to ineffectiveness of counsel for failing to raise certain issues do not qualify [for the timeliness exception] due to the specific provision in 42 [Pa.C.S.A.] § 9545(b)(4) that the term 'government officials' does not include defense counsel."); ***see also Wharton***, 886 A.2d at 1127 (stating that "allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA."). Additionally, his newly-discovered evidence claim is based on not knowing that he may have a potential claim regarding his sentence. However, Lockett has not demonstrated that this constituted newly-discovered evidence. Further, Lockett has not demonstrated that he exercised due diligence by raising this claim within 60 days of when he discovered it.

(Pa. Super. 2014) (stating that "in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/4/2016