COMMONWEALTH of Pennsylvania, Appellee,

v.

Anthony Andre ANDERSON, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 15, 2001.
Filed Dec. 24, 2001.

Thomas J. Michael, Pittsburgh, for appellant.

Francesco L. Nepa, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before: TODD, J.; CERCONE, President Judge Emeritus; and OLSZEWSKI, J.

OLSZEWSKI, J.:

¶ 1 Appellant, Anthony Andre Anderson, appeals the Post Conviction Relief Court's November 2, 2000, order denying his Post Conviction Relief Act[1] (PCRA) petition. Appellant's petition was denied without a hearing on the basis of untimely filing. For the reasons set forth below, we affirm.

¶ 2 On May 5, 1997, appellant pled guilty to receiving stolen property.[2] Appellant, as a result of a plea bargain, received a sentence of one year's probation and did not file a direct appeal. He, ultimately, violated his probation with two, separate, criminal offenses. On June 3, 1998, a revocation hearing was held and a sentence of two to five years' imprisonment was imposed. Appellant, again, did not pursue a direct appeal.

¶ 3 On October 2, 1998, appellant filed a PCRA petition. An amended petition was filed on February 11, 2000, following the appointment of counsel. Appellant raised four issues[3] concerning the effectiveness of counsel in regard to his May 5, 1997, guilty plea. He claimed: counsel failed to investigate the circumstances of his arrest; counsel failed to challenge the constitutionality of his arrest based upon a lack of probable cause; and counsel failed to seek to suppress the evidence that resulted from illegal arrest. *See* Amended Motion for Post Conviction Relief, 2/11/00, at 3. This petition was dismissed as untimely on November 2, 2000. This appeal followed.

■ ¶ 4 Appellant raises one issue for review.

I. Did the trial court err in dismissing appellant's petition for relief under the Post–Conviction Relief Act without hearing as not timely filed?

Brief for Appellant at 3 (capitalization omitted). 42 Pa.C.S.A. § 9545 requires that any PCRA petition must be filed within one year of the date judgment becomes final, except in three limited circumstances:

(b) Time for filing petition.-

(1) . . .

---

1. 42 Pa.C.S.A. §§ 9541–9546.

2. 18 Pa.C.S.A. § 3925.

3. Appellant raises four issues, two of which are similar; for purposes of this memorandum, we have combined them.

(i) [T]he failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1–2). Appellant's judgment of sentence became final thirty (30) days after May 5, 1997, when his original sentence was entered and the time for filing a direct appeal expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.Crim.P. 720(A)(3). As such, he had until June 4, 1998, to file a PCRA petition. Appellant failed to meet this time constraint, not filing his PCRA petition until October 2, 1998. *See* Motion for Post Conviction Collateral Relief, 10/02/98. He, further, failed to assert any of the § 9545 exceptions listed above and has therefore waived them. *See Commonwealth v. Beasley*, 559 Pa. 604, 741 A.2d 1258, 1261 (1999).

¶ 5 Instead of pleading one of the exceptions, appellant argues that his judgment of sentence did not become final until thirty (30) days after the June 3, 1998, probation revocation hearing. The crux of appellant's argument is that the revocation of probation "reset the clock" on the PCRA time limitations. Accordingly, he insists that his October 2, 1998, petition is timely because it was filed within one year of July 3, 1998. We find that only in limited situations will a probation revocation "reset the clock" on a PCRA petition.

■ ¶ 6 Probation revocation does not materially alter the underlying conviction such that the period available for collateral review must be restarted. The Legislature did, however, by its enactment of 42 Pa.C.S.A. § 9543(a)(2)(vii), intend to provide collateral review to probation revocation issues. As such, we find that probation revocation presents a special situation insofar as determining timeliness under § 9545. We hold that where a new sentence is imposed at a probation revocation hearing, the revocation hearing date must be employed when assessing finality under § 9545(b)(3) to any issues directly appealable from that hearing. To hold otherwise would frustrate the purpose behind the PCRA.

¶ 7 For example, appellant's revocation sentence was not imposed until June 3, 1998. If we employed the finality date utilized above, June 4, 1997, to determine timeliness under § 9545, it would mean appellant would have had one day to file a petition challenging his new sentence. Furthermore, had appellant's original sentence been imposed two days earlier, he would *never* have been able to obtain postconviction review of his probation revocation sentence if the clock were not reset. Appellant's petition, however, deals only with counsel's ineffectiveness surrounding the May 5, 1997, sentencing. Appellant does not raise any issues challenging the June 3, 1998, probation revocation hearing.

■ ¶ 8 We further note that direct review of a sentence imposed after probation revocation is available, even where no

appeal was taken after the imposition of the original probation. *See Commonwealth v. Gilmore,* 465 Pa. 202, 348 A.2d 425 (1975). The scope of review in a direct appeal following revocation, however, is limited to the validity of the revocation proceedings and the legality of the judgment of sentence. *See Commonwealth v. Gheen,* 455 Pa.Super. 499, 688 A.2d 1206 (1997). Since the timeliness provisions of the PCRA specifically provide that the one-year limit only begins to run at the conclusion of direct review, 42 Pa.C.S.A. § 9545(b)(1) and (3), we find that as to these two issues, PCRA relief is potentially available. Therefore, the time for seeking PCRA relief following the revocation of probation and the imposition of a new sentence runs for one year from the conclusion of direct review of that new sentencing order, *but only as to the issues of the validity of the revocation proceedings and the legality of the new sentence. Compare Commonwealth v. Weimer,* 756 A.2d 684 (Pa.Super.2000) (one-year period ran from probation revocation resentencing date, but all issues pertained to either validity of proceedings in failing to grant allocution or to legality of new sentence).

¶ 9 Appellant's probation was revoked and a new sentence was imposed on June 3, 1998. No direct appeal was filed. Thus, under § 9545(b)(3), as to the validity of the revocation proceedings and the resulting new sentence, appellant's judgment of sentence became final thirty (30) days later, on July 3, 1998, when the time for seeking review expired. Thereafter, appellant had one year, until July 5, 1999,[4] to file a PCRA petition raising any cognizable issue concerning either the validity of the revocation proceedings or the legality of the new sentence. Appellant filed his petition within one year of this date, but the petition did not raise any issue pertaining to either of these matters. Thus, the petition was, indeed, untimely filed.

¶ 10 Accordingly, having found that appellant's petition was untimely filed, we affirm the order below.

¶ 11 Order affirmed.

4. The one-year limitation period ordinarily would have concluded July 3, 1999, but that date fell on a Saturday. That day, and the following Sunday, are excluded from the computation of time. 1 Pa.C.S.A. § 1908.