J-S14029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TAMARA CATHERINE SANTARELLI | |
| Appellant | No. 902 MDA 2015 |

Appeal from the PCRA Order April 22, 2015
In the Court of Common Pleas of Susquehanna County
Criminal Division at No(s): CP-58-CR-0000583-2009
CP-58-CR-0000584-2009

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 15, 2016**

Appellant, Tamara Catherine Santarelli, appeals from the order entered April 22, 2015, in the Court of Common Pleas of Susquehanna County, which denied as untimely her petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On January 7, 2011, Appellant entered negotiated nolo contendere pleas at docket number CP-58-CR-000583-2009 to one count of arson, 18 Pa.C.S.A. § 3301(d)(2) and at number CP-58-CR-0000584-2009 to one count of Recklessly Endangering Another Person, 18 Pa.C.S.A. § 2705.  On February 25, 2011, the trial court sentenced Appellant at number 583 of

_____

[*] Former Justice specially assigned to the Superior Court.

2009 to 7 years' probation. At number 584 of 2009 the court imposed a concurrent term of two years' probation. Appellant filed a post-sentence motion, which the trial court denied. Appellant did not file a direct appeal.

On July 18, 2012, a bench warrant was issued for Appellant in connection with a violation of her supervised probation. Following a probation violation hearing on October 30, 2013, the lower court revoked Appellant's probation. The court resentenced Appellant at number 583 of 2009 to a term of incarceration of nine months to seven years, to run consecutive to a federal sentence she is currently serving. At number 584 of 2009, the court resentenced Appellant to a term of three months to two years of incarceration, to run consecutive to the federal sentence, but concurrent with the sentence imposed at number 583 of 2009. Appellant did not file a direct appeal.

On November 4, 2014, Appellant filed a *pro se* PCRA petition and the PCRA court appointed counsel. Appointed counsel subsequently filed a **Turner/Finley** no-merit letter and requested to withdraw his representation. The PCRA court subsequently granted counsel permission to withdraw and dismissed the PCRA petition as untimely. This *pro se* appeal followed.

The timeliness of a PCRA petition is a jurisdictional requisite. **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final

at the conclusion of direct review or at the expiration of time for seeking review. **See** 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the PCRA's timeliness provisions allow for very limited circumstances under which the late filing of a petition will be excused. **See** 42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(2).

Appellant's judgment of sentence became final on March 28, 2011,[1] thirty days following the imposition of sentence when the time for filing a direct appeal expired. **See** Pa.R.A.P. 903. Thus, Appellant's petition filed November 4, 2014, is patently untimely. Appellant has not asserted that her petition falls within any of the timeliness exceptions provided in the PCRA.[2] **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

_____

[1] Appellant's judgment of sentence actually became final on March 27, 2011. However, that day was a Saturday, so the period would be extended to Monday, March 28. **See** 1 Pa.C.S.A. § 1908.

[2] Although Appellant raises allegations of governmental interference in her appellate brief, she does not do so in the context of the PCRA timeliness exceptions. Moreover, we observe that Appellant did not assert this or any other timeliness exceptions in her PCRA petition. It is well settled that the "[f]ailure to state … a ground [for relief] in the [PCRA] petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief." Pa.R.Crim.P. 902(B). **See also Commonwealth v. Elliott**, 80 A.3d 415, 430 (Pa. 2013).

Appellant does not claim that the revocation of her probation "reset the clock" for the purpose of calculating the timeliness of her petition. Such a claim would nonetheless not merit relief. "Probation revocation does not materially alter the underlying conviction such that the period available for collateral review must be restarted." *Commonwealth v. Anderson*, 788 A.2d 1019, 1021 (Pa. Super. 2001). "[T]he time for seeking PCRA relief following the revocation of probation and the imposition of a new sentence runs for one year from the conclusion of direct review of that new sentencing order, *but only as to the issues of the validity of the revocation proceedings and the legality of the new sentence.*" *Id*. at 1022 (emphasis in original; citation omitted).

Appellant's November 4, 2014 PCRA petition concerns only counsel's effectiveness regarding the January 7, 2011 plea negotiation and the resulting sentences. Appellant does not raise any issues involving the October 30, 2013 resentencing.[3] Accordingly, to the extent Appellant's PCRA petition challenges the February 25, 2011 judgments of sentence, it is untimely. We therefore affirm the order dismissing Appellant's petition.

Order affirmed.

_____

[3] Appellant fleetingly asserts in her brief that counsel was ineffective for failing to file a direct appeal following the revocation of her probation. As Appellant did not raise this issue in her PCRA petition, however, it is waived. *See* Pa.R.Crim.P. 902(B).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2016