J-S70031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JUAN CARLOS DEJESUS-TORRES, | : | |
| | : | |
| Appellant | : | No. 1353 EDA 2016 |

Appeal from the PCRA Order March 29, 2016
in the Court of Common Pleas of Delaware County,
Criminal Division, No(s):  CP-23-CR-0000090-2010,
CP-23-CR-0006455-2008, CP-23-CR-0006561-2008

BEFORE:  OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J:                **FILED OCTOBER 19, 2016**

Juan Carlos DeJesus-Torres ("DeJesus-Torres") appeals, *pro se*, from

the dismissal of his first Petition for relief filed pursuant to the Post

Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the relevant underlying facts as follows:

On January 14, 2010, [DeJesus-Torres] entered into a
negotiated guilty plea on three docket numbers: 6455-2008,
6561-2008, and 90-2010.   Pursuant to the negotiations,
[DeJesus-Torres] was sentenced [on that same date] as follows:

On Docket 6455-2008: [DeJesus-Torres] pled guilty to
Aggravated Assault (F2) and was sentenced to time served
to 23 months followed by 3 years of consecutive probation.

On Docket 6561-2008: [DeJesus-Torres] pled guilty to Theft
By Unlawful Taking (M2) and was sentenced to 1 year
probation concurrent to 6455-2008.

On Docket 90-2010[:][DeJesus-Torres] pled guilty to
Possession of a Controlled Substance (UM) and was
sentenced to 1 year probation[,] concurrent to 6455-2008.

J-S70031-16

***

> [DeJesus-Torres] did not file a direct appeal. On December 22, 2010, a ***Gagnon II***[1] hearing was conducted on all three docket numbers. On October 9, 2013, a ***Gagnon II*** hearing was held on docket number 6455-2008. [DeJesus-Torres] was sentenced to twelve-to-thirty-six months in SCI. …
>
> On June 4, 2015, [DeJesus-Torres] filed a PCRA Petition. Counsel was appointed and granted several continuances in order to obtain the necessary transcripts. On November 12, 2015, counsel filed a "No Merit" Letter and an Application to Withdraw. … [The PCRA c]ourt issued a Notice of Intent to Dismiss on January 21, 2016. The Petition was dismissed on March 28, 2016; [DeJesus-Torres] filed an appeal[.]

PCRA Court Opinion, 5/9/16, at 1-3 (footnote added).

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

---

[1] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

- 2 -

DeJesus-Torres's PCRA Petition challenges the validity of the guilty plea he entered on January 14, 2010, not on any of the sentences he received due to the revocation of his probation. Thus, the operative date when examining the timeliness under the PCRA is January 14, 2010, the original date of sentencing on the guilty plea. **See Commonwealth v. Anderson**, 788 A.2d 1019, 1021 (Pa. Super. 2001) (stating that "[p]robation revocation does not materially alter the underlying conviction such that the period available for collateral review must be restarted."). DeJesus-Torres's judgment of sentence became final on February 15, 2010.[2] Accordingly, DeJesus-Torres had until February 15, 2011, to file a timely PCRA petition. Because DeJesus-Torres did not file the instant PCRA Petition until June 4, 2015, his Petition is facially untimely.[3]

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); **Albrecht**, 994 A.2d at 1094.

---

[2] Thirty days after January 14, 2010, is Saturday, February 13, 2010. Thus, DeJesus-Torres had until Monday, February 15, 2010, to file an appeal. **See** 1 Pa.C.S.A. § 1908.

[3] We note that even if the claims in DeJesus-Torres's PCRA Petition implicated the probation revocation sentences, the Petition would have been untimely filed.

Here, DeJesus-Torres does not invoke any of the exceptions, and merely argues that his plea counsel's ineffectiveness caused him to enter an unknowing and involuntary plea. It is well-settled that "a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785 (Pa. 2000). Thus, because DeJesus-Torres did not successfully invoke any of the exceptions necessary to circumvent the PCRA's timeliness requirement, we cannot address the merits of his claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2016