J. S15022/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH SAYLOR, | : | |
| | : | |
| Appellant | : | |
| | : | No. 3181 EDA 2015 |

Appeal from the PCRA Order September 22, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0700411-2001

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 27, 2017**

Appellant, Joseph Saylor, appeals from the September 22, 2015 Order entered in the Philadelphia County Court of Common Pleas denying his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.[1] Appellant challenges the effective assistance of counsel at his violation of probation ("VOP") hearing. We affirm.

---

[1] This PCRA Petition is limited to Appellant's probation revocation proceedings. Although Appellant filed other PCRA Petitions challenging his original Judgment of Sentence, this is his first PCRA Petition concerning the probation revocation proceedings. Thus, this Petition is not an untimely serial petition. *See Commonwealth v. Anderson*, 788 A.2d 1019, 1021-22 (Pa. Super. 2001) (holding that "the time for seeking PCRA relief following the revocation of probation and the imposition of a new sentence runs for one year from the conclusion of direct review of that new sentencing order, *but only as to the issues of the validity of the revocation proceedings and the legality of the new sentence.*" (emphasis in original)).

On March 10, 2003, a jury convicted Appellant of Involuntary Deviate Sexual Intercourse ("IDSI"), Indecent Assault, and Corruption of a Minor.[2] On April 28, 2003, the trial court sentenced Appellant to five to ten years' incarceration, followed by five years' probation. This Court affirmed Appellant's Judgment of Sentence on May 20, 2005. **Commonwealth v. Saylor**, No. 648 EDA 2004 (Pa. Super. filed May 20, 2005) (unpublished memorandum).

On September 24, 2012, Appellant technically violated his probation and was detained. On March 23, 2013, Appellant appeared for a bifurcated VOP hearing. The probation officer indicated that he had detained Appellant for his "failure to comply with [the court's] instructions and [the probation department's] instructions to attend and appear at a sexual offender treatment program." N.T. VOP, 3/28/13, at 4.[3] Both Appellant and his counsel raised **Commonwealth v. Fink**, 990 A.2d 751 (Pa. Super. 2010), to support Appellant's assertion that to comply with sexual offender treatment would result in self-incrimination.

At the VOP sentencing hearing on May 1, 2013, Appellant "told the [c]ourt that he will not comply with the mandatory conditions of the sentence[,]" including "cooperating with any program or anything of that

---

[2] 18 Pa.C.S. § 3123; 18 Pa.C.S. § 3126; and 18 Pa.C.S. § 6301, respectively.

[3] Part of Appellant's treatment program purportedly involved taking a polygraph test about his crimes. Appellant refused to do so.

nature." N.T. VOP, 5/1/13, at 3, 6-7. The VOP court found Appellant in violation and resentenced him to a term of five to ten years' incarceration. Appellant did not file a direct appeal.

On June 18, 2013, Appellant filed a *pro se* PCRA Petition, later amended by appointed counsel, alleging ineffective assistance of VOP counsel. After providing notice to Appellant pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's Petition without a hearing on September 22, 2015.

Appellant filed a timely Notice of Appeal. Appellant presents the following issue for our review:

> Did the PCRA [c]ourt err by finding that counsel was not ineffective for failing to argue that [Appellant] did not violate his probation by refusing to incriminate himself in a lie detector test?

Appellant's Brief at 4.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2). Appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal[,] or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008).

Appellant's sole issue in this appeal challenges the effective assistance of VOP counsel. The law presumes counsel has rendered effective assistance. **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [A]ppellant." **Id.** To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different."

*Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002).

Appellant must meet the "arguable merit" prong. "The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit[.]" *Commonwealth v. Pierce*, 645 A.2d 189, 194 (Pa. 1994) (quotation and citation omitted). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa. Super. 2004) (citation omitted).

Appellant avers that his VOP counsel was ineffective "for failing to argue the *Fink*[, *supra*,] decision in support of [Appellant's] case against the allegation of his probation violation." Appellant's Brief at 9. Appellant baldly avers that he "was asked to incriminate himself during sex offender therapy by answering questions about his sexual history" even though he had a PCRA Petition outstanding from his initial Judgment of Sentence. *Id.* at 10. Appellant contends that his "VOP counsel failed to argue that his alleged violation of probation was the result of a valid assertion of his Fifth Amendment privilege." *Id.* at 9.

Contrary to Appellant's assertions on appeal, Appellant's VOP counsel properly raised the **Fink** decision. Both Appellant and his counsel raised this specific issue during the VOP hearing on March 28, 2013 as follows:

> **[Appellant's VOP Counsel]**: Your Honor, my client is raising Commonwealth versus Fink, something he brought himself, 210 PA Super 18. This says here that my client, according to the Fink issue here, didn't violate parole by being discharged from the sexual offender program for failing to disclose his sexual history. So, therefore, my client is saying that it violated his privileges of self-incrimination if he cooperates with therapeutic counseling that Mr. Dragon wants him to involve himself with, Your Honor.

> \* \* \*

> **[Appellant]**: Good morning. Commonwealth versus -- this is Superior Court, also state Supreme Court, therapeutic polygraph can't be admitted into the violation hearing and it should not be the sole base of a violation. That's what his problem was, that I didn't take the polygraph. I told him why. I said because -- I said it would self-incriminate me. Nobody seems to listen to me when I say these things. I said it to you back last year, March 28th. You didn't care about -- you said on the notes of testimony you didn't care about my appeals, you don't care.

N.T. VOP, 3/28/13, at 5-6. Thus, Appellant's counsel properly raised this issue before the VOP court and Appellant cannot meet the requirement that VOP counsel failed to raise a claim of arguable merit.

Insofar as Appellant challenges the VOP court's underlying decision rejecting his **Fink** argument, Appellant could have presented this claim of alleged VOP court error on direct appeal from his new sentence following revocation and resentencing. Appellant failed to do so, and any argument regarding the VOP court's purported error is waived. **See** 42 Pa.C.S. §

- 6 -

9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

Therefore, our review indicates that the PCRA court's dismissal of the Petition is supported by the record and relevant law. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2017