J-S35017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ROBERT L. MONTGOMERY | |
| Appellant | No. 1560 WDA 2016 |

Appeal from the PCRA Order October 4, 2016
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000169-2007

BEFORE:  LAZARUS, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED JULY 19, 2017**

Appellant, Robert Montgomery, *pro se* appeals from the order entered October 4, 2016, denying his untimely serial petition for relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On June 6, 2007, Appellant pleaded guilty to theft by unlawful taking.[1] The same day, Appellant was sentenced to sixty months of state probation. Appellant did not file a direct appeal.  Accordingly, his sentence became final thirty days later, on July 6, 2007.  **See Commonwealth v. Baldwin**, 789 A.2d 728, 730 (Pa. Super. 2001) (noting that judgement of sentence becomes final in thirty days where no appeal is filed);  **see also** Pa.R.A.P. 903.

---

[*] Former Justice specially assigned to the Superior Court.
[1] **See** 18 Pa.C.S. § 3921.

In June 2011, Appellant violated his probation. A bench warrant was issued. Following a revocation hearing in January 2012, the court sentenced Appellant to six months of incarceration. In April 2012, Appellant again violated his probation. Following a hearing on April 30, 2012, the court sentenced Appellant to four to fifty months of incarceration.

In May 2012, Appellant *pro se* filed a first petition seeking PCRA relief. The petition was dismissed. Appellant timely appealed, and this Court reversed and remanded the matter for a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998), to determine whether Appellant waived his right to counsel. **See Commonwealth v. Montgomery**, 87 A.3d 383 (Pa. Super. 2013) (unpublished memorandum). On remand, Appellant chose to be represented by counsel. **See** Notes of Testimony (N.T.), 1/16/14, at 1. Following the hearing, the court vacated its prior sentence of four to fifty months and imposed a sentence of probation. **Id.** at 3. The court noted it wished to release Appellant once an appropriate home plan was put in place. **Id.**; **see also** Order, 1/16/14, at 1. As Appellant did not appeal, this sentence became final on February 20, 2014.

On February 19, 2014, the court amended its previous sentencing order, explaining that it had neglected to grant Appellant automatic parole from prison. **See** Order, 2/19/14, at 1 (citing in support **Commonwealth v. Cole**, 263 A.2d 336 (Pa. 1970) (discussing inherent power of court to correct obvious and patent mistakes)). The amended order clarified that

Appellant would be immediately released from incarceration and would serve his remaining term of approximately twenty-eight months under supervised probation. *Id.*

Between July 2014 and April 2016, several bench warrants were issued for Appellant as a result of his failure to comply with the terms of his probation. Following a revocation hearing on May 10, 2016, the court revoked Appellant's probation and ordered that he spend the four month remainder of his sentence in jail. In May 2016, Appellant filed a motion to modify his sentence, which the court denied. On June 14, 2016, Appellant *pro se* filed a petition seeking PCRA relief. Counsel was appointed and filed an amended petition on Appellant's behalf.

Following a hearing, the court dismissed Appellant's PCRA petition. Appellant did not appeal this denial, but instead, on September 22, 2016, filed a second *pro se* petition seeking PCRA relief and raising substantially the same arguments. The court sent Appellant notice of intent to dismiss his petition as untimely pursuant to Pa.R.Crim.P. 907 and, on October 4, 2016, dismissed Appellant's petition. Appellant timely appealed.

On October 24, 2016, the court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days. The court's opinion pursuant to Pa.R.A.P. 1925(a) indicates a statement was filed; however, such a statement does not appear in the record. Nevertheless, we accept the court's finding.

On appeal, Appellant presents a single issue for our review, which we have restated for clarity:[2]

> Appellant contends his sentence is illegal because the February 2014 order modified his sentence after the thirty day period for altering or amending an order had expired, making all subsequent sentences unlawful.[3]

**See** Appellant's Brief.[4]

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. **See Commonwealth v. Ragan**, 923, A.2d 1169, 1170 (Pa. 2007).

It is unclear from the record whether Appellant is still serving a sentence for this charge. To be eligible for PCRA relief, an Appellant must, at the time relief is granted, be currently serving a sentence of imprisonment, probation or parole for the crime. **See** 42 Pa.C.S. § 9543 (a)(1)(i) (emphasis added); **see also Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997); **see also Commonwealth v. Turner**, 80 A.3d 754 (2013). Accordingly, Appellant is not eligible for PCRA relief if he is not currently serving a sentence for this crime. However, even if Appellant is

---

[2] Appellant also attempts to raise numerous other issues in the arguments section of this brief. **See, e.g.,** Appellant's Brief at 3-4. As most of these issues do not implicate a time bar exception to the PCRA, per 42 Pa.C.S. § 9545(b)(1)(i)-(iii), we decline to address them.

[3] 42 Pa.C.S. § 5505.

[4] Appellant's brief does not include page numbers, as required by Pa.R.A.P. 2173. For ease of reference, we have added page numbers to the brief.

still serving a sentence for this crime, he is ineligible for relief for the reasons stated below.

We begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. **Id.** There are three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or law of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(i)-(iii). Any petition attempting to invoke these exceptions, "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); **see Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000).

Appellant's petition is patently untimely.[5]  Accordingly, in order to reach the merit of his issues, he must plead and prove one of the exceptions to the time bar.  **See Bennett**, 930 A.2d at 1267.  Rather than pleading one of the exceptions, Appellant attempts to establish the timeliness of his petition by arguing that his sentence is illegal due to a modification made to a preceding sentence outside of the thirty day period. 42 Pa.C.S. § 5505. See Appellant's Brief at 5.  However, the order did not modify but instead clarified the terms of his sentence.  Regardless, this does not establish an exception to the time bar.

Furthermore, where a new sentence is imposed at a probation revocation hearing, the revocation hearing date must be employed when assessing finality under § 9545(b)(3) to any issues directly appealable from that hearing.  **Commonwealth v. Anderson**, 788 A.2d 1019, 1021 (Pa. 2001).  The time for seeking PCRA relief following the revocation of probation and the imposition of a new sentence runs for one year from the conclusion of direct review of that new sentencing order, but only as to the issues of the validity of the revocation proceedings and the legality of the new sentence.  **Id.**  Therefore, the court may only consider claims

---

[5] Appellant's judgement of sentence became final on February 20, 2014, at the expiration of his thirty days to file an appeal.  **See** 42 Pa.C.S. § 9545(b)(3) (a judgement of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review).  Thus, Appellant had until February 20, 2015, to timely file a petition.  Appellant filed his current petition on September 20, 2016.

concerning Appellant's most recent revocation sentence, which became final June 10, 2016.[6] Here, Appellant does not challenge his most recent sentence directly, but instead, he raises an issue from his February 2014 sentencing. His challenge is thus doubly untimely.

Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claims and properly dismissed his petition. **See Ragan**, 932 A.2d at 1170.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2017

_____

[6] On May 10, 2016 Appellant's probation was revoked. Appellant did not file a direct appeal and this sentence became final on June 10, 2016, at the expiration of his thirty days to file an appeal. **See** 42 Pa.C.S. § 9545(b)(3) (a judgement of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review).