J-S50043-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY J. PUSTELAK, | : | |
| | : | |
| Appellant. | : | No. 432 WDA 2018 |

Appeal from the PCRA Order, February 26, 2018,
in the Court of Common Pleas of Erie County,
Criminal Division at No(s): CP-25-CR-0000375-2013.

BEFORE: BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.: FILED NOVEMBER 27, 2018

Timothy J. Pustelak appeals from the order dismissing his petition for collateral relief. See 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On October 14, 2013, Pustelak entered a guilty plea at docket number 375-2013 to DUI at the highest rate[1] and careless driving.[2] He was sentenced to restrictive intermediate punishment for twenty-four (24) months starting with electronic monitoring for ninety (90) days, plus costs, fees and community service.

Subsequently, Pustelak was revoked three (3) times at this docket number. At the March 3, 2015 revocation and resentencing, the trial court revoked Pustelak's sentence of intermediate punishment/probation on the DUI

_____

[1] 75 P.S. §3802(c).

[2] 75 P.S. §3714(a).

count; Pustelak was resentenced to 6-12 months of incarceration with credit for 209 days of time served at the Erie County Prison, followed by one year of probation. Having already met the minimum time of incarceration, Pustelak was paroled that same day.

At the August 5, 2015 revocation and resentencing, the trial court revoked Pustelak's probation at Count 2; Pustelak was recommitted to the Erie County Prison with 265 days credit for time served, followed by 24 months of probation. The next day, Pustelak was transferred to the Erie County Community Correction Center.

On or about December 23, 2016, Pustelak was charged with simple assault and harassment for punching his girlfriend in the face. The charge of simple assault was subsequently reduced to an M-3, and the summary offense of harassment was withdrawn. Pustelak pled guilty to the reduced charge on January 20, 2017 before the district justice.

As a result of these new charges and conviction, on February 10, 2017, the trial court revoked Pustelak's probation and resentenced him for a third time on the DUI count; Pustelak was recommitted to the Erie County Prison with 415 days of credit for time served followed by 24 months of probation. Having met the minimum period of incarceration, he was again paroled and released on supervision.

On February 17, 2017, Pustelak sought to withdraw his plea of guilty to the simple assault charge under Pa.R.Crim.P. 550(D).[3] Subsequently, pursuant to a newly negotiated plea, Pustelak pled guilty to a summary offense for harassment; Pustelak was sentenced to pay costs.

On October 13, 2017, Pustelak filed a motion to amend his sentence at docket number 375-2013, arguing that because he withdrew his plea to the M-3 offense for punching his girlfriend, and re-plead to a summary offense for harassment, his sentence should be amended to eliminate the two (2) years of probation. The court treated Pustelak's motion as a claim for post-conviction relief challenging the legality of his sentence. On February 2, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Pustelak's PCRA petition without a hearing. Pustelak did not file a response. On February 26, 2018, the PCRA court dismissed his petition. Pustelak now appeals and raises the following issue:

> A. Whether the [PCRA] [c]ourt committed legal error and abused its discretion when it failed to grant collateral relief from Pustelak's third revocation sentence, based on a conviction for an M-3, when his conviction was ultimately changed to a summary offense?

See Pustelak's Brief at 2.

In reviewing an appeal from the denial of PCRA relief, our review is "limited to examining whether the evidence of record supports the

---

[3] Rule 550(D) provides: "A defendant who enters a plea of guilty under this rule may, within 30 days after the sentence, change the plea to not guilty . . . ." Pa.R.Crim.P. 550(D).

determination of the PCRA court and whether the ruling is free from legal error." Commonwealth v. Carpenter, 725 A.2d 154, 159-160 (1999). "The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review." Commonwealth v. Johnson, 600 Pa. 329, 966 A.2d 523, 532 (2009)

In claiming that he is entitled to relief, Pustelak argues that the trial court erred by allowing the revocation and resentencing to proceed prior to final disposition of the offense which served as the basis for the revocation. According to Pustelak, the trial court should have waited until the thirty (30) day appeal period on the underlying offense had passed before proceeding with the revocation and resentencing. "It is a patent procedural error on the part of the [trial] court to permit a revocation to proceed and be applied even before the final disposition of the conviction upon which that revocation rests and thereby is violative of both proceedings." Pustelak's Brief at 6. The offense which prompted Pustelak's revocation was ultimately a summary offense, rather than an M-3. Thus, because Pustelak's revocation and resentence was predicated upon his conviction of a crime classified as an M-3, which was nullified by his withdrawal of that plea and subsequent plea to a summary offense, Pustelak contends that his sentence was illegal and should be vacated. We disagree.

"Notwithstanding timely challenges to the original conviction and sentence of probation, where a petitioner's probation is subsequently revoked and a new sentence is imposed, PCRA relief is potentially available 'only as to

the issues of the validity of the revocation proceedings and the legality of the new sentence.'"  Commonwealth v. Ballard, 814 A.2d 1242, 1244 (2003) (emphasis in original) (quoting Commonwealth v. Anderson, 788 A.2d 1019, 1022 (Pa. Super. 2001)).  Although Pustelak's claim is characterized as illegality of sentence, we think it relates more to the validity of the revocation proceedings themselves—the timing thereof and the burden of proof needed to establish a probation violation.[4]

_____

[4] Regarding illegality of sentence,

> [a] claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence.  If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction.  Likewise, a sentence that exceeds the statutory maximum is illegal.  If a court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction.

Commonwealth v. Infante, 63 A.3d 358, 363 (Pa. Super. 2013) (internal citations and quotations omitted).

As discussed below, the trial court clearly had the authority to resentence Pustelak.  Furthermore, Pustelak does not claim that the two years of probation given to him upon revocation was outside the appropriate sentencing parameters applicable at the time of his initial sentencing on the DUI.  "Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to time spent serving the order of probation."  42 Pa.C.S.A. 9771(b).  Thus, we do not find that Pustelak's sentence was illegal.

We first note that Pustelak cites no legal authority for his contention that the trial court should have waited until his underlying offense was resolved before proceeding with his revocation and resentencing. "Whenever a defendant serving a sentence of probation or intermediate punishment has been alleged to have violated that sentence, a court must have a hearing as speedily as possible." Pa.R.Crim.P. 708 (emphasis added). To delay the hearing as suggested by Pustelak would contradict this requirement. Moreover, a review of the law on probation revocation reveals that Pustelak has misconstrued what must be shown to establish a probation violation and prompt revocation and resentencing.

"The court may revoke an order of probation upon proof of the violation of specified conditions of the probation." 42 Pa.C.S.A. § 9771. Here, as noted by the PCRA court, the basis for Pustelak's probation revocation was that he violated condition number 5 of his supervision—failure to comply with "all municipal, county, state, and federal law, ordinances, and orders." By the time of his resentencing, Pustelak had already pled guilty to simple assault. At the revocation and resentencing hearing, Pustelak did not dispute the fact that he punched his girlfriend in the face. He acknowledged that although he had made progress with his sobriety, "this was a very unfortunate four or five minutes of a situation" that he regretted. He also did not dispute the fact that he violated the terms of his probation. Thus, at the time of the hearing, as concluded by the PCRA court, the trial court had the authority and sufficient

grounds to revoke his probation and resentence him. That Pustelak subsequently withdrew his plea was of no consequence.

"'[T]he reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct.'" Commonwealth v. Ortega, 995 A.2d 879, 886 (Pa. Super. 2010) (quoting Infante, 888 A.2d at 791). Rather, "'[a] probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct.'" Id. Contrary to Pustelak's contention, the fact that he was not ultimately convicted of simple assault is irrelevant. Thus, it was not necessary for the lower court to await the final disposition of the underlying offense before it revoked his probation and resentenced him.

Moreover, other factors, consistent with the law, were present in this case which warranted continued supervision. The summary offense for harassment was still a violation of law, and thus a violation of his probation. Indisputably, Pustelak acted in an antisocial manner by punching his girlfriend in the face. This was his third violation. Recognizing these, the PCRA court correctly denied Pustelak's request for relief.

For the foregoing reasons, we conclude that the PCRA court did not err or commit an abuse of discretion in concluding that Pustelak was not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/27/2018