J-S63008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEPHEN RODNEY WHITE | : | |
| | : | |
| Appellant | : | No. 2629 EDA 2018 |

Appeal from the PCRA Order Entered August 2, 2018
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0008268-2004

BEFORE: GANTMAN, P.J.E., MURRAY, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY GANTMAN, P.J.E.: **FILED DECEMBER 13, 2019**

Appellant, Stephen Rodney White, appeals *pro se* from the order entered in the Montgomery County Court of Common Pleas, which dismissed as untimely his first petition, relative to his revocation sentence, under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On October 25, 2005, the court convicted Appellant of burglary and related offenses, in connection with a string of burglaries Appellant had committed in multiple counties. The court sentenced Appellant on February 2, 2006, to an aggregate 6 to 12 years' imprisonment, plus 5 years' probation. On November 30, 2009, this Court affirmed the sentence. ***See Commonwealth v. White***, 990 A.2d 57 (Pa.Super. 2009). Between 2010 and 2014, Appellant unsuccessfully

_____

[*] Retired Senior Judge assigned to the Superior Court.

litigated a PCRA petition.

While on parole in 2015, Appellant committed new crimes. Following his convictions on the new charges, the court held a revocation of parole/probation hearing on August 11, 2016, revoked Appellant's parole/probation, and resentenced him to 2 to 5 years' imprisonment. On September 12, 2016, Appellant *pro se* timely filed a PCRA petition, relative to his revocation sentence, challenging the legality of the revocation sentence, and requested appointment of counsel. Specifically, Appellant claimed his revocation sentence was illegal.[1] On January 19, 2018, the court issued notice per Pa.R.Crim.P. 907, stating Appellant's current PCRA petition was untimely. Appellant responded *pro se*, and the court denied relief on August 2, 2018, without a hearing or appointing counsel. On August 31, 2018, Appellant timely filed a *pro se* notice of appeal. The same day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement; Appellant complied.

"Pursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of

_____

[1] Appellant cites **Commonwealth v. Milhomme**, 35 A.3d 1219 (Pa.Super. 2011) (vacating and remanding where original sentence was illegal due to trial court's imposition of flat imprisonment sentence; because original sentence was illegal, most recent probation revocation sentence is also illegal; vacating original sentence and most recent revocation sentence and remanding for resentencing) and **Commonwealth v. Everett**, 419 A.2d 793 (Pa.Super. 1980) (explaining where original probationary sentence imposed was illegal, sentence of imprisonment imposed for violation of that probation was also illegal and both sentences must be vacated).

litigating a first PCRA petition through the entire appellate process." ***Commonwealth v. Robinson***, 970 A.2d 455, 457 (Pa.Super. 2009) (*en banc*). ***See also*** Pa.R.Crim.P. 904(C) (stating indigent defendant is entitled to counsel for litigation of first PCRA petition). "The denial of PCRA relief [on a first petition] cannot stand unless the petitioner was afforded the assistance of counsel." ***Commonwealth v. Perez***, 799 A.2d 848, 851 (Pa.Super. 2002).

Instantly, the record confirms Appellant is indigent and requested appointment of counsel in this first PCRA petition following imposition of the revocation sentence. The PCRA court dismissed Appellant's current petition as untimely. Nevertheless, Appellant's current petition expressly calls into question the legality of his revocation sentence, which "reset" the clock for purposes of the timeliness analysis. ***See Commonwealth v. Anderson***, 788 A.2d 1019 (Pa.Super. 2001), *appeal denied*, 568 Pa. 732, 798 A.2d 1286 (2002) (holding time for seeking PCRA relief after revocation of probation and imposition of new sentence runs from one year of conclusion of direct review of new sentence, for issues concerning new sentence). This PCRA petition is Appellant's first relative to his revocation sentence, and he was entitled to appointment of counsel. ***See*** Pa.R.Crim.P. 904(C); ***Robinson, supra***; ***Perez, supra***. Accordingly, we vacate the order denying PCRA relief and remand for appointment of counsel and further proceedings. ***See Commonwealth v. Kutnyak***, 781 A.2d 1259 (Pa.Super. 2001) (vacating order denying PCRA relief and remanding for appointment of counsel and further proceedings in

PCRA court where court failed to appoint counsel for appellant's first PCRA petition).

Order vacated; case remanded. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/19