J-S28037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                                 : PENNSYLVANIA
                                                                 :
                             v.                                  :
                                                                 :
                                                                 :
JOSUE CERVANTES                                                  :
                                                                 :
                      Appellant                                  : No. 2672 EDA 2023

Appeal from the PCRA Order Entered August 31, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001759-2009

BEFORE: STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED NOVEMBER 18, 2024**

Josue Cervantes ("Cervantes") appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act.[1] We quash the appeal.

Based on our disposition, a detailed recitation of this matter is unnecessary. Briefly, in 2010, a jury convicted Cervantes of multiple crimes, including sexual assault, aggravated indecent assault, and indecent assault. The trial court sentenced him to a prison term of six to twelve years, followed by ten years of probation. This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal. ***See Commonwealth v. Cervantes***, 32 A.3d 270 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 34 A.3d 81 (Pa. 2011). Cervantes thereafter filed two unsuccessful PCRA petitions.

_____

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

In 2021, Cervantes violated the terms of his probation.  As a result, the trial court revoked his probation and resentenced him to concurrent terms of one to ten years' imprisonment.  This Court affirmed the judgment of sentence.  **See Commonwealth v. Cervantes**, 273 A.3d 1057 (Pa. Super. 2022) (unpublished memorandum).

On February 24, 2023, Cervantes filed the instant *pro se* PCRA petition relative to the revocation sentence and requested the appointment of counsel. However, the PCRA court denied his request on the basis that it considered the petition to be Cervantes' third PCRA petition stemming from his original sentence.  The PCRA court thereafter filed a Pa.R.Crim.P. 907 notice of its intent to dismiss, and Cervantes filed a *pro se* response.  On August 31, 2023, the PCRA court dismissed the PCRA petition.

Cervantes then had thirty days from this date, until October 2, 2023, to timely file a notice of appeal.[2]  **See** Pa.R.A.P. 903(a).  On October 11, 2023, Cervantes filed a facially untimely *pro se* notice of appeal, self-dated September 29, 2023, challenging the dismissal of his petition as well as the

---

[2] Because the thirtieth day fell on a weekend, Cervantes had until the following Monday, October 2, 2023, to timely file a notice of appeal.  **See** 1 Pa.C.S.A. § 1908 (excluding weekends and holidays from the computation of time when the last day of the time period falls on a weekend or holiday).

PCRA court's decision to deny him the appointment of counsel. Thereafter, both he and the PCRA court complied with Pa.R.A.P. 1925.[3]

On October 10, 2024, this Court issued a Rule to Show Cause why the appeal should not be quashed as untimely. **See** Rule to Show Cause, 10/10/24. This Court afforded Cervantes ten days to respond, but he failed to timely do so. On October 24, 2024, however, his appointed counsel filed an untimely response wherein he averred that Cervantes' *pro se* appeal was timely filed because Cervantes self-dated the notice of appeal as September 29, 2023, within the thirty-day period in which to file an appeal. Notably, aside from providing a copy of the original *pro se* notice of appeal, counsel did not provide any other documentation in support of his claim that the notice of appeal was timely filed.

As an initial matter, we must determine whether we have jurisdiction to consider the merits of this appeal, as we "lack jurisdiction to consider untimely

_____

[3] During the pendency of this appeal, this Court directed the PCRA court to clarify whether Cervantes was entitled to the appointment of counsel, given that this was his first PCRA petition relative to his revocation sentence. **See Commonwealth v. Anderson**, 788 A.2d 1019, 1022 (Pa. Super. 2001) (holding time for seeking PCRA relief after revocation of probation and imposition of new sentence runs from one year of conclusion of direct review of new sentence, for issues concerning new sentence). This Court further directed that, if the PCRA court determined that Cervantes was entitled to counsel, the PCRA court was to appoint counsel to represent him. In response to this order, the PCRA court agreed that Cervantes was entitled to the appointment of counsel, and thereafter appointed counsel. **See** PCRA Court Response, 1/17/24, at 1. The PCRA court additionally requested that this Court dismiss the appeal as premature and to instead remand the matter to permit it to address Cervantes' PCRA issues with the assistance of appointed counsel. **See id**. at 2.

appeals, and we may raise such jurisdictional issues *sua sponte*." ***Commonwealth v. Capaldi***, 112 A.3d 1242, 1244 (Pa. Super. 2015) (citation omitted). "Time limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace." ***Commonwealth v. Perez***, 799 A.2d 848, 851 (Pa. Super. 2002) (citation omitted).

As stated above, Cervantes' *pro se* notice of appeal, which he filed forty-one days after the PCRA court filed its dismissal order, is facially untimely. ***See*** Pa.R.A.P. 903(a). Nevertheless, under the "prisoner mailbox rule," a *pro se* appeal by a prisoner is deemed filed on the date the prisoner delivered the appeal to prison authorities for mailing, even if the appeal is received after the deadline for an appeal. ***See Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa. Super. 2011). Pursuant to this rule, the appellant bears the burden to prove that he delivered the appeal to prison authorities within the appropriate time period. ***See Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997). Relevantly, this Court is "inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities." ***Perez***, 799 A.2d at 851 (citation omitted). This includes, but is not limited to, a cash slip, a postmarked envelope, an affidavit, or any evidence of "routine practices of prison authorities regarding the pick-up and delivery of the mail and any records regarding the dates of the deposit of outgoing mail[.]" ***Chambers***, 35 A.3d at 40.

Here, the only documentation that Cervantes' counsel provided in response to the Rule to Show Cause Order was a copy of the *pro se* notice of

appeal bearing the handwritten date of September 29, 2023. Pertinently, counsel did not attach any other documentation to this response. ***See*** Response to Rule to Show Cause, 10/24/24. Our independent review of the certified record is equally unavailing, as the record is devoid of any cash slips, postmarked envelopes, affidavits, or any other form of documentation that could indicate when Cervantes deposited his notice of appeal with prison authorities. Although Cervantes' notice of appeal is self-dated as being within the thirty-day appeal period, this notation alone cannot adequately nor verifiably demonstrate that he delivered it to prison authorities on that date. Consequently, because Cervantes' notice of appeal is facially untimely and he did not provide any form of relevant documentation that could refute this finding, we are constrained to quash the appeal. ***See Capaldi***, 112 A.3d at 1244.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/18/2024