J-S35041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
EDWARD NELSON PETERS :
:
Appellant : No. 430 MDA 2024

Appeal from the PCRA Order Entered November 9, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003893-2008

BEFORE:  PANELLA, P.J.E., MURRAY, J., and KING, J.

JUDGMENT ORDER BY KING, J.:          **FILED: DECEMBER 23, 2024**

Appellant, Edward Nelson Peters, appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas, which dismissed as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On October 13, 2009, Appellant entered a negotiated guilty plea to involuntary deviate sexual intercourse with a child, aggravated indecent assault of a child, and related offenses.  That same day, the court imposed the negotiated sentence of 3½ to 10 years' incarceration plus 7 years' probation.  Appellant did not file a direct appeal.  Subsequently, Appellant unsuccessfully litigated several PCRA petitions.  Also relevant to the instant appeal, on October 29,

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

2019, following a revocation hearing, the court revoked Appellant's probation, and resentenced him to 4 to 10 years' imprisonment followed by 7 years' probation. Appellant did not file a direct appeal from his revocation sentence. Thereafter, Appellant unsuccessfully litigated another PCRA petition.

Appellant filed the instant serial PCRA petition on August 17, 2022. On January 18, 2023, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. On November 9, 2023, the PCRA court issued an order formally dismissing the petition. On January 29, 2024, Appellant filed a *pro se* notice of appeal.[2] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, and Appellant did not file one.

On appeal, Appellant raises the following issue for review:

> Did the PCRA court err in dismissing Appellant's PCRA petition as waived or previously litigated.

(Appellant's Brief at 7).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional prerequisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including

---

[2] The record reflects that on November 27, 2023, Appellant incorrectly filed a notice of appeal in this Court and, on January 29, 2024, correctly filed his notice of appeal in the PCRA court. We can consider Appellant's notice of appeal timely under these circumstances. **See** 42 Pa.C.S.A. § 5103(a) (stating appeals filed in wrong court shall not be quashed but transferred and treated as filed as day of first, erroneous filing); Pa.R.A.P. 751(a) (same).

discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must also file the petition within the required statutory window. 42 Pa.C.S.A § 9545(b)(1-2). These exceptions are: "(1) interference by government officials in the presentation of the claim; (2) newly[-]discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa.Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). Further, "the time for seeking PCRA relief following the revocation of probation and the imposition of a new sentence runs for one year from the conclusion of direct review of that new sentencing order, but only as to the issues of the validity of the revocation proceedings and the legality of the new sentence." ***Commonwealth v. Anderson***, 788 A.2d 1019, 1022 (Pa.Super. 2001), *appeal denied*, 568 Pa. 732, 798 A.2d 1286 (2002) (emphasis omitted). As well, "a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." ***Commonwealth v. Fahy***, 558 Pa. 313, 331, 737 A.2d 214, 223 (1999).

Instantly, Appellant's original judgment of sentence became final on November 12, 2009, at the expiration of his time to seek direct review. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Thus, Appellant had one year from that date to timely file a PCRA petition challenging his original judgment of sentence. ***See***

42 Pa.C.S.A. § 9545(b)(1). Appellant's revocation sentence became final on November 28, 2019, at the expiration of his time to seek direct review. *See* 42 Pa.C.S.A. § 9545(b)(3). Thus, Appellant had one year from that date to timely file a PCRA petition challenging the revocation sentence. *See* 42 Pa.C.S.A. 9545(b)(1). Thus, Appellant's current PCRA petition filed in August 2022 is facially untimely. Significantly, Appellant fails to develop an argument concerning any exception to the PCRA time-bar on appeal. Under these circumstances, Appellant's current prayer for relief remains time-barred and the PCRA court properly denied relief. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/23/2024