J-S47032-19
J-S47033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TAMARA CATHERINE SANTARELLI, | : | |
| | : | |
| Appellant | : | No. 571 MDA 2018 |

Appeal from the PCRA Order March 23, 2018
in the Court of Common Pleas of Susquehanna County
Criminal Division at No(s):  CP-58-CR-0000583-2009,
CP-58-CR-0000584-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TAMARA CATHERINE SANTARELLI, | : | |
| | : | |
| Appellant | : | No. 1564 MDA 2018 |

Appeal from the PCRA Order Entered June 21, 2018
in the Court of Common Pleas of Susquehanna County
Criminal Division at No(s):  CP-58-CR-0000583-2009

J-S47032-19
J-S47033-19

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TAMARA CATHERINE SANTARELLI, :
:
Appellant : No. 1565 MDA 2018

Appeal from the PCRA Order Entered June 21, 2018
in the Court of Common Pleas of Susquehanna County
Criminal Division at No(s): CP-58-CR-0000584-2009

BEFORE: DUBOW, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED: OCTOBER 15, 2019**

In these consolidated cases, Tamara Catherine Santarelli ("Santarelli"),

*pro se*, appeals from the Order dismissing her second Petition for relief filed

pursuant to the Post Conviction Relief Act ("PCRA").[1, 2]  We affirm.

The PCRA court summarized the procedural history underlying this

appeal as follows:

> On January 7, 2011, [] [Santarelli] [] entered into *nolo
> contendere* pleas to one count of arson (docket number 2009-583
> CR [(hereinafter, "no. 583")],) and one count of recklessly
> endangering another person (docket number 2009-584 CR
> [(hereinafter, "no. 584")]).  [I]n February 2011, [Santarelli] was
> sentenced to 7 years' probation for [no. 583,] and two years'
> probation for [no. 584], to run concurrently.  On March 4, 2011,
> [Santarelli] filed a post-sentence [M]otion[,] which was denied.
> [Santarelli] did not file a direct appeal.

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] Santarelli also appeals from a separate PCRA court Order, entered on March
23, 2018, which we discuss below.

- 2 -

[Santarelli] violated her probation[,] and on July 18, 2012, a bench warrant was issued. Following an October 30, 2013 **Gagnon II**[3] probation violation hearing, probation was revoked and [Santarelli] was resentenced to a term of nine months to seven years' incarceration[,] to run consecutive to a federal sentence for [no. 583,] and resentenced for [no. 584] to a term of three months to two years' incarceration, to run consecutive to her federal sentence[,] but concurrent with the sentence imposed at [no.] 583.

On November 4, 2014, [Santarelli] filed a *pro se* [P]etition for relief pursuant to the [PCRA]. On February 27, 2015, the [PCRA] court dismissed [Santarelli's] PCRA [P]etition after concluding that [it] was untimely. [Santarelli] appealed[,] and in an unreported [Memorandum], the Superior Court affirmed the [O]rder dismissing the [P]etition. **See Comm. v. Santarelli**, [145 A.2d 782 (Pa. Super. 2016) (unpublished memorandum)]. …

On February 1, 2018, [Santarelli] filed the current [P]etition pursuant to the PCRA[,] asserting that: (1) attorney Kevin Fitzgerald [("Attorney Fitzgerald")] was appointed to represent [Santarelli] in the probation violation hearing on October 30, 2013[,] despite [Santarelli's] having terminated that attorney's prior representation of her; (2) [Attorney] Fitzgerald had been disbarred on October 10, 2013, and was disbarred at the time of the probation violation hearing; (3) subsequent appointed counsel, Attorney Larry Kelly, filed a [Motion for leave to] withdra[w] … following [Santarelli's] filing of her [first PCRA] Petition …[,] and failed to inform [Santarelli] of [Attorney Fitzgerald's] disbarment; and (4) the [D]istrict [A]ttorney[,] as well as the presiding judge[,] failed to inform [Santarelli] of [Attorney Fitzgerald's] disbarment at the time of the probation violation hearing. On May 25, 2018, the Commonwealth of Pennsylvania filed its Answer to [Santarelli's] *pro se* second [PCRA] Petition, denying [Santarelli's] assertions and contending that the issues raised by [Santarelli] are barred[,] as they should have been raised in the prior PCRA [Petition].

---

[3] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

> [Santarelli] also filed a Petition for Recusal, Petition for Transfer of Action[,] and a Motion under **United States v. Pepper**[, 562 U.S. 476 (2011),] in conjunction with her PCRA Petition. [While a decision on Santarelli's instant PCRA Petition was pending,] [i]n an Order dated March 23, 2018, [Santarelli's] Petition for [] [R]ecusal[] and Petition for Transfer of Action were denied. … [] [Santarelli's] Motion under … **Pepper** was held in abeyance pending the outcome of her [PCRA] Petition ….

PCRA Court Opinion, 6/1/18, at 1-3 (footnote added, footnote in original moved to body).

Santarelli timely filed a single, *pro se* Notice of Appeal from the March 23, 2018 Order, after which this Court docketed the appeal at 571 MDA 2018. The Notice of Appeal listed both PCRA court docket numbers, *i.e.*, no. 583 and no. 584, in its caption.[4]

By an Order entered on June 21, 2018, the PCRA court dismissed Santarelli's PCRA Petition.[5] In this Order, the PCRA court also denied Santarelli's Motion under **Pepper**, **supra**, based on the fact that Santarelli's sentence was never set aside on appeal. **Cf. Pepper**, 582 U.S. at 481

---

[4] Santarelli filed the Notice of Appeal *before* the date of our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969, 971, 977 (Pa. June 1, 2018) (holding that, prospectively from the date of the **Walker** decision, "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case[,]" and that a failure to do so will result in quashal); **see also** Pa.R.A.P. 341, note.

[5] Concomitantly with this Order, the PCRA court issued two Opinions, one concerning dismissal of the PCRA Petition (hereinafter, "PCRA Opinion"), and the other in support of the court's March 23, 2018 denial of the Petition for Recusal (hereinafter, "Petition for Recusal Opinion").

- 4 -

(discussing factors for a resentencing court to consider after a defendant's sentence had been set aside on appeal).

On August 17, 2018, Santarelli filed two duplicate, *pro se* Notices of Appeal from the Order dismissing her PCRA Petition.[6] The respective captions of the Notices of Appeal listed both no. 583 and no. 584. However, Santarelli filed a separate Notice of Appeal at each docket number. Additionally, each respective Notice of Appeal had one of the underlying docket numbers underlined in ink.[7]

Santarelli now presents the following issues for our review:

1. Whether the [PCRA] court erred in denying [Santarelli's] Petition for [] []Recusal[] of the judge pursuant to Canon 3C of the Pennsylvania Code of Judicial conduct[,] as the [] judge, the Honorable Jason Legg, previously acted as prosecutor for the Susquehanna County District Attorney's [O]ffice in the instant cases?

---

[6] Though Santarelli filed her Notices of Appeal (which this Court docketed at 1564 and 1565 MDA 2018) approximately two months after the entry of the Order dismissing her PCRA Petition, the appeals are nevertheless timely. The PCRA court, in an Order entered on October 17, 2018, granted Santarelli leave to appeal *nunc pro tunc*, based upon a breakdown in the court's operation.

[7] Although Santarelli filed these Notices of Appeal *after* the date of the **Walker** decision, quashal is not required, where she filed two separate Notices of Appeal. **See, e.g., Commonwealth v. Lee**, 194 A.3d 682 n.3 (Pa. Super. 2018) (stating that "[t]he notices of appeal filed in these cases were technically not in compliance with [**Walker** and Pa.R.A.P. 341,] since one was merely a copy and each notice contained both docket numbers instead of just the respective, applicable number. Nonetheless, we will accept them as sufficient to satisfy the requirements of Pa.R.A.P. 341[,]" where one underlying docket number was highlighted in the captions of the respective notices of appeal).

2. Whether the [PCRA] court erred in denying [Santarelli's] Petition for [] []Recusal[] of the judge pursuant to Canon 3C of the Pennsylvania Code of Judicial Conduct[,] as the Honorable Kenneth Seamans acted with bias, prejudice, and/or discrimination?

3. Whether the [PCRA] court erred in denying [Santarelli's] Transfer of Action Under Pa.R.C.P. 1006(d)(2) (Change of Venue)[,] as the county only has one judge, and now, one senior judge, both of whom are subject to the questions presented above, as well as other acts of bias, prejudice, and/or discrimination within other offices/agencies of Susquehanna County, limiting and/or denying [Santarelli] access to the documents, filings, responses, discovery, or otherwise for the instant case and/or perfecting this appeal?

4. Whether the [PCRA] court erred in denying [Santarelli's] [PCRA] Petition without [an] evidentiary hearing or other discovery, especially as [Santarelli] made [a] claim[] … that she had []been denied access to effective assistance of counsel, not only during the February 24, 2011 hearing[,] but also the October 30, 2013 hearing; information to which she was not privy to accessing due to her incarceration from January 9, 2013[,] through August 2017?

5. Whether the trial court[] not only abused its discretion, but also created a manifest constitutional error in sentencing [Santarelli] in excess of the Commonwealth's statutory maximum incarceration for technical violations of probation[,] without the mandatory statutory credit for time spent in custody before being sentenced?

6. Whether the trial court abused its discretion, and created a manifest constitutional error, in sentencing [Santarelli] to a second sentence in [no. 584], to the Commonwealth's statutory maximum incarceration sentence, without statutory credit for jail time served for presentence jail time, after her probation sentence was completed, without any notice of violation of probation, warrant, or petition?

Brief for Appellant at 4-5 (some capitalization omitted).

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017).

All PCRA petitions, including a second or subsequent petition, must be filed within one year of the date that the petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1); ***see also Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (citation omitted) (stating that "[i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition.").

Where, as here, a new sentence is imposed at a probation revocation hearing, the time for seeking PCRA relief runs for one year from the conclusion of direct review of that new sentencing order, but only as to the issues of the validity of the revocation proceedings and the legality of the new sentence. ***Commonwealth v. Anderson***, 788 A.2d 1019, 1022 (Pa. Super. 2001). Any PCRA petition that is not filed within one year of the above-mentioned date is time-barred, unless the petitioner has pled and proven one of the three exceptions (collectively, "timeliness exceptions") to the PCRA's time limitation set forth in 42 Pa.C.S.A. § 9545(b)(1)(i-iii) (providing that an untimely PCRA petition may be considered timely if a petitioner alleges and proves (1) governmental interference with the presentation of his claims; (2) discovery of previously unknown facts which could not have been discovered

with due diligence; or (3) a newly-recognized constitutional right given retroactive application). A petition asserting one of the timeliness exceptions must also establish that the exception was raised within one year of the date the claim could have been first presented. 42 Pa.C.S.A. § 9545(b)(2) (amended effective Dec. 24, 2018, which extended the time for filing from 60 days of the date the claim could have been first presented, to one year).

Here, Santarelli concedes that her instant PCRA Petition is facially untimely, ***see*** Reply Brief for Appellant at 5, as she did not file it until February 1, 2018, over four years after she was resentenced in October 2013.

A review of Santarelli's voluminous Argument section of her Brief (53 single-spaced pages) discloses that she failed to discuss the untimeliness of her Petition aside from one cursory citation,[8] nor does she invoke any exception in her Statement of Questions Presented section. ***See Commonwealth v. Crews***, 863 A.2d 498, 501 (Pa. 2004) (emphasizing that it is a PCRA petitioner's burden to plead and prove that one of the timeliness exceptions applies); ***see also Commonwealth v. Lewis***, 63 A.3d 1274, 1278 (Pa. Super. 2013) (stating that "[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally

---

[8] Specifically, Santarelli cited to the newly-discovered facts timeliness exception in a single sentence, ***see*** Brief for Appellant at 51, with no accompanying discussion.

- 8 -

confers no special benefit upon an appellant.").[9] Moreover, Santarelli's claims in her briefs and PCRA Petition either (1) should have been raised on direct appeal or in Santarelli's first PCRA Petition; and/or (2) are not cognizable under the PCRA or have been previously litigated. *See* 42 Pa.C.S.A. § 9543(a)(2) and (3) (respectively, listing the types of claims that are cognizable under the PCRA, and stating that previously litigated claims are not cognizable); *see also Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000) (stating that "a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits.").[10]

Accordingly, we conclude that the record supports the PCRA court's dismissal of Santarelli's second PCRA Petition, and its denial of her Petition for Recusal.

Orders affirmed.

---

[9] To the extent that Santarelli, in her Reply Brief (*see* Reply Brief at 6-8), briefly discusses the "governmental interference" and "newly-discovered facts" exceptions, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i) and (ii), we determine that her claims fail to meet either of these exceptions.

[10] Even if Santarelli's claims regarding recusal of the PCRA court judge, and the ineffectiveness of Attorney Fitzgerald and subsequent counsel, were properly raised in this proceeding, we would determine that they do not entitle Santarelli to relief, based upon the reasoning advanced by the PCRA court in its Opinions. *See* Petition for Recusal Opinion, 6/21/18, at 1-2 (unnumbered); PCRA Opinion, 6/21/18, at 4-5.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/15/2019