J-S37010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLIFFORD WEAL | : | |
| | : | |
| Appellant | : | No. 727 EDA 2019 |

Appeal from the PCRA Order Entered February 28, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008578-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLIFFORD WEAL | : | |
| | : | |
| Appellant | : | No. 729 EDA 2019 |

Appeal from the PCRA Order Entered February 28, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1300779-2006

BEFORE:  SHOGAN, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED DECEMBER 1, 2020**

Appellant, Clifford Weal, appeals from the orders denying his petitions

for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.

§§ 9541-9546, in the above-captioned consolidated cases.  In addition,

counsel for Appellant filed a motion to withdraw as counsel and no-merit letter

pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and

*Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We

grant counsel's motion to withdraw and affirm the orders of the PCRA court.

The PCRA court set forth the history of these cases as follows:

On July 24, 2003 at 1 a.m., [Appellant] met the victim near Broad and Cumberland Streets in Philadelphia. The two agreed to have sexual intercourse in exchange for drugs. They walked to an abandoned warehouse nearby with the use of a candle to see. Upon arrival, [Appellant] blew out the candle, put an extension cord around the victim's neck, and began strangling her. [Appellant] directed the victim to unbutton her pants. She attempted to fight off [Appellant]. The more the victim struggled, the tighter [Appellant] pulled the cord around her neck. The victim told police that she went in and out of consciousness and that [Appellant] made her suck his penis with her mouth until he ejaculated. The police were called and the victim filed a report. The police recorded several bruises around the victim's neck as well as severely bloodshot eyes. The victim identified [Appellant] in a photo array that same day. Aff, of Probable Cause, 4/6/2006; see also N.T. VOP 9/11/2012, p. 11.

On November 29, 2006, [at trial court docket number CP-51-CR-1300779-2006, Appellant] entered a negotiated guilty plea before the Honorable Pamela Pryor Dembe on the charges of sexual assault, simple assault, and possession of an instrument of crime. [Appellant] agreed with the Commonwealth's recitation of the facts. This conviction represents the second incident for which [Appellant] obtained a conviction for forcing a sex worker to perform oral sex on him by choking and strangling the victim with an electrical cord. N.T. VOP 9/11/2012, p. 11.

On February 28, 2007, a sentencing hearing was held before Judge Dembe. The [c]ourt found [Appellant] to be a Sexually Violent Predator [("SVP")]. Judge Dembe sentenced [Appellant] to a maximum term of 15 years [of] probation. [Appellant] did not appeal his judgment of sentence.

On September 11, 2012, a violation of probation hearing was held before the Honorable Joan A. Brown. [Appellant] entered an open guilty plea on the charge of failing to register as a sex offender with the Pennsylvania State Police [at trial court docket number CP-51-CR-0008578-2012] and was found in violation of

probation. [Appellant] was sentenced to an additional 3 to 6 years [of] incarceration to run consecutive to his existing sentences. No appeal was filed.

On September 14, 2017, [Appellant] filed [identical] *pro se* PCRA petition[s at each of the above captioned trial court docket numbers]. On July 9, 2018, [Appellant's counsel] filed an Amended PCRA petition. On October 15, 2018, the Commonwealth filed a Motion to Dismiss. On November 15, 2018, [Appellant] filed a Response to the Commonwealth's Motion to Dismiss. On January 29, 2019, [the PCRA c]ourt sent [Appellant] a 907 Notice of Intent to Dismiss. On February 6, 2019, [Appellant] sent a *pro se* Response to the 907 Notice. On February 28, 2019, [the PCRA c]ourt dismissed [Appellant's] PCRA petition[s] as untimely and without merit.

PCRA Court Opinion, 10/4/19, at 2-3. These timely appeals followed.

Appellant was not directed to file a statement pursuant to Pa.R.A.P. 1925(b).

The trial court complied with Pa.R.A.P. 1925(a). On February 3, 2020, this

Court entered an order that *sua sponte* consolidated the above captioned

appeals.

On March 4, 2020, PCRA counsel filed a no-merit letter with this Court

requesting permission to withdraw. Prior to addressing the merits of

Appellant's matter on appeal, we must first decide whether counsel has

fulfilled the procedural requirements for withdrawing his representation.

***Commonwealth v. Daniels***, 947 A.2d 795, 797 (Pa. Super. 2008). This

Court has listed the following conditions to be met by counsel in seeking to

withdraw in a collateral appeal:

Counsel petitioning to withdraw from PCRA representation must proceed ... under [***Turner, supra*** and ***Finley, supra*** and] ... must review the case zealously. ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal

to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

* * *

[W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner**/**Finley**, the court-trial court or this Court-must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted) (brackets in original).

In the application filed with this Court and the documents appended thereto, counsel explained that he had been appointed to represent Appellant at the PCRA proceedings and that he reviewed the case, evaluated the issues, conducted an independent review of the record, and concluded there were no issues of merit. Counsel also presented the issues relevant to this appeal in his no-merit letter and explained why the appeal is without merit. In addition, counsel averred that he served upon Appellant a copy of the application to withdraw, the "no-merit" letter, and a letter addressed to Appellant accompanying those documents. Thus, we will allow counsel to withdraw if, after our review, we conclude that the issues relevant to this appeal lack merit. We have discerned the following issues noted by PCRA counsel on behalf of

Appellant in the ***Turner/Finley*** letter: (1) whether the PCRA petition was timely filed; and (2) whether there exists a valid exception to the timeliness requirement. ***Turner/Finley*** Letter at 4-7.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[1]  ***See Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead all required elements of the relied-upon exception).

Our review of the record reflects that, with regard to the conviction at trial court docket number CP-51-CR-1300779-2006, Appellant's judgment of sentence became final on March 30, 2007, thirty days after the trial court imposed the judgment of sentence, and Appellant failed to file a timely direct

---

[1] The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

appeal with this Court.[2]  42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a).  ***See***

***Commonwealth v. Hutchins***, 760 A.2d 50, 54 (Pa. Super. 2000) (reiterating

that judgment of sentence becomes final upon conclusion of direct review or

upon expiration of time for seeking review and holding the appellant's

judgment of sentence became final after the expiration of the thirty-day period

in which the appellant was permitted to seek further review in our Supreme

Court).  Thus, in order to be timely under the PCRA, Appellant needed to file

his PCRA petition on or before March 31, 2008.[3]  Appellant did not file the

_____

[2] Appellant violated the terms of his probation, and the trial court revoked his probation and resentenced him to a term of incarceration in September of 2012.  Because Appellant challenges his SVP designation and registration requirements, which arose out of his initial guilty plea and sentence, the resentencing hearing did not reset the clock for the purposes of determining when Appellant's judgment of sentence became final.  Thus, the operative date when examining timeliness under the PCRA with regard to trial court docket number CP-51-CR-1300779-2006 is February 28, 2007, the original date of sentencing on the guilty plea.  ***See Commonwealth v. Anderson***, 788 A.2d 1019, 1021-1022 (Pa. Super. 2001) (stating that "[p]robation revocation does not materially alter the underlying conviction such that the period available for collateral review must be restarted," and holding that "the time for seeking PCRA relief following the revocation of probation and the imposition of a new sentence runs for one year from the conclusion of direct review of that new sentencing order, *but only as to the issues of the validity of the revocation proceedings and the legality of the new sentence*." (emphasis in original)).

[3] We note that a PCRA petition needed to be filed on or before Monday, March 31, 2008, because March 30, 2008, was a Sunday.  ***See*** 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation).

- 7 -

PCRA petition until September 14, 2017. Accordingly, the PCRA petition filed at trial court docket number CP-51-CR-1300779-2006 is patently untimely.

Concerning the conviction at trial court docket number CP-51-CR-0008578-2012, Appellant's judgment of sentence became final on October 11, 2012, thirty days after the trial court imposed the judgment of sentence, and Appellant failed to file a timely direct appeal with this Court. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). **See Hutchins**, 760 A.2d at 54 (reiterating that judgment of sentence becomes final upon conclusion of direct review or upon expiration of time for seeking review and holding the appellant's judgment of sentence became final after the expiration of the thirty-day period in which the appellant was permitted to seek further review in our Supreme Court). Therefore, in order to be timely under the PCRA, Appellant needed to file his PCRA petition on or before October 11, 2013. Appellant did not file the PCRA petition until September 14, 2017. Hence, the PCRA petition filed at trial court docket number CP-51-CR-0008578-2012 is patently untimely.

As stated, if a petitioner does not file a timely PCRA petition, his petition may be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts

one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted.[4]  42 Pa.C.S. § 9545(b)(2).

Appellant attempts to satisfy the "newly recognized constitutional right" exception to the time-bar under Section 9545(b)(1)(iii) by arguing that the registration requirement imposed upon him pursuant to the Sexual Offenders Notification Act ("SORNA") is unconstitutional under our Supreme Court's July 19, 2017 decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (holding SORNA's registration provisions are punitive, and retroactive application of SORNA's provisions violates the *ex post facto* clause of the Pennsylvania Constitution).

Regarding this exception, our Supreme Court explained:

> Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section.  Second, **it provides that the right "has been held" by "that court" to apply retroactively**.  Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively.  **The language "has been held" is in the past tense.  These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be**

---

[4]  On October 24, 2018, the General Assembly amended section 9545(b)(2), extending the time for filing a petition from sixty days to one year from the date the claim could have been presented.  2018 Pa. Legis. Serv. Act 2018-146 (S.B. 915), effective December 24, 2018.  The amendment applies only to claims arising one year before the effective date of this section, which is December 24, 2017, or thereafter.  Here, Appellant's alleged claim arose on July 19, 2017, the date that the decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), was filed.  Therefore, the amendment is inapplicable because the decision in **Muniz** preceded December 24, 2017.

**retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed**.

*Commonwealth v. Copenhefer*, 941 A.2d 646, 649-650 (Pa. 2007) (quoting

*Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002))

(emphases added).

We have held that *Muniz* created a substantive rule of constitutional law that must apply retroactively in timely PCRA proceedings. *Commonwealth v. Rivera–Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). Thereafter, in *Commonwealth v. Murphy*, 180 A.3d 402 (Pa. Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018), we stated the following:

> [W]e acknowledge that this Court has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in *Rivera-Figueroa*), he must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii). *See* [*Commonwealth v.*] *Abdul-Salaam*, [812 A.2d 497, 501 (Pa. 2002)]. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on *Muniz* to meet that timeliness exception.

*Murphy*, 180 A.3d at 405-406. Thus, in *Murphy* we held that the substantive rule recognized in *Muniz* does not establish a timeliness exception to the PCRA. Hence, no exceptions apply to exempt Appellant from failing to meet the timeliness requirement of the PCRA.

In conclusion, because Appellant's PCRA petitions were untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the issues

presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petitions. Furthermore, upon our independent review, no relief is due. Having determined that Appellant is not entitled to PCRA relief, we allow counsel to withdraw under the precepts of *Turner/Finley*.

Motion to withdraw as counsel granted. Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/01/2020