J-S14043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARTHA FENCHAK BELL | : | |
| | : | |
| Appellant | : | No. 1244 WDA 2022 |

Appeal from the PCRA Order Entered September 12, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005044-2004

BEFORE: PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:  **FILED: JUNE 6, 2023**

Martha Fenchak Bell (Bell) appeals *pro se* from the order entered in the Court of Common Pleas of Allegheny County (PCRA court) denying her first petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9501-9506, as untimely. She maintains that she is innocent, that her sentence was illegal, that she can avail herself of the newly discovered facts exception based on ineffective assistance of counsel and the discovery of an order entered in her case, and that PCRA counsel was ineffective. We affirm.

**I.**

On October 23, 2003, Bell was charged in this matter with two counts each of theft by unlawful taking-movable property (18 Pa.C.S. § 3921(a)),

---

[*] Retired Senior Judge assigned to the Superior Court.

theft by deception (18 Pa.C.S. § 3922) and theft by failing to make required disposition of funds (18 Pa.C.S. § 3927(a)). On September 29, 2008, at the conclusion of a waiver trial, she was convicted of all counts. On October 3, 2008, the court sentenced her to a term of not less than six nor more than twelve months' incarceration on count four, theft by unlawful taking-movable property; plus fourteen aggregate years' probation (seven years each on counts five and six, theft by deception and theft by failure to make required disposition of funds, respectively). The sentence was to run consecutive to any sentence she was then serving.[1] On October 30, 2008, Bell timely appealed her judgment of sentence in this matter. The Superior Court dismissed her appeal on June 9, 2009 (docketed July 14, 2009) for her failure to file a brief. Petitioner did not seek allowance of appeal and on August 14, 2009, her judgment of sentence became final.

Approximately eight years later, Bell committed a substantive violation of her probation.[2] On February 12, 2018, Bell appeared for a probation

---

[1] Before her trial on the charges in this case had commenced, a jury found Bell guilty of involuntary manslaughter, neglect of care of a dependent person, recklessly endangering another person, and criminal conspiracy at docket number 2004-5045. The court imposed a term of imprisonment of twenty-two to forty-four months, consecutive to any other sentence Bell was then serving. At the time at which the sentence was imposed, Bell was incarcerated in relation to a 2005 federal conviction on fraud and false statements charges.

[2] Specifically, in case number 15179-2016, Bell pleaded guilty to theft by deception on December 14, 2017. She was sentenced to not less than six nor

violation hearing and she was resentenced at count six to not less than five nor more than ten years' incarceration. On June 8, 2018, the court granted her motion to modify the sentence and resentenced her to the statutory maximum of three and one-half to seven years' incarceration, with credit for 448 days' time served.

On July 3, 2018, Bell filed a post-sentence motion, but appealed three days later before the court could address it. On appeal, Bell claimed that the court lacked jurisdiction to revoke her probation because her original sentence imposed on October 3, 2008, was illegal where the convictions should have been merged for sentencing purposes. (*See Commonwealth v. Bell*, 239 A.3d 120, at *3 (Pa. Super. filed July 31, 2020) (unpublished memorandum)). This Court found that since "[Bell]'s challenge to the legality of the original sentences was not properly raised, the original sentences remained effective at the time of the probation violation and hearing. Thus, the alleged sentencing issues were not an impediment to the revocation court's jurisdiction to revoke probation and resentence [Bell]" in this matter. (*Id.* at *4). The Pennsylvania Supreme Court denied her petition for allowance of appeal on January 20, 2021. (*See Commonwealth v. Bell*, 244 A.3d 449 (Pa. 2021)).

_____

more than twelve months incarceration, plus nine years of probation and restitution. She was immediately paroled.

On January 27, 2022, Bell filed a first *pro se* PCRA petition and appointed counsel filed a petition to withdraw and a **Turner/Finley**[3] no-merit letter on June 14, 2022, in which he concluded, after conscientious review, that Bell's claims were time-barred with no applicable exception. (**See Turner/Finley** Letter, 6/14/22, at 1-3). On June 30, 2022, the PCRA court granted counsel's petition to withdraw and notified Bell of its intent to dismiss the PCRA petition without a hearing. **See** Pa.R.Crim.P. 907(1). Bell filed a timely response and on September 12, 2022, the court dismissed the PCRA petition as untimely based on the **Turner/Finley** letter, Bell's response to the Rule 907 notice and its independent review. Bell timely appealed and filed a court-ordered statement of errors claimed on appeal. **See** Pa.R.A.P. 1925(b).

On appeal, Bell claims: (1) she is innocent, as proven by the newly-discovered facts that the trial court granted her petition for *habeas* corpus; (2) her original sentence was illegal because the convictions should have been merged for sentencing purposes; (2) the newly-discovered facts that trial counsel was subject to criminal and disciplinary proceedings due to his substance abuse, rendering him ineffective; (3) trial counsel was ineffective *per se* for failing to file a court-ordered Rule 1925(b) statement and appellate

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

brief; and (4) PCRA counsel was ineffective for failing to review the timeliness exceptions with her.[4]  (*See* Bell's Brief, at 1-6).[5]

**II.**

Before considering the merits of Bell's PCRA petition, we must first determine whether the PCRA court properly found that it is untimely under the PCRA's jurisdictional time-bar.  A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final."[6]  42 Pa.C.S. § 9545(b)(1).  A judgment becomes final at the

---

[4] "Our standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. King***, 259 A.3d 511, 520 (Pa. Super. 2021) (citation omitted).  "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Id.*** (citation omitted).

[5] Bell's brief fails to comport with our appellate rules where it does not contain many of the required sections and her argument section is inadequate. ***See*** Pa.R.A.P. 2111(a), (b), (d); Pa.R.A.P. 2119.  We recognize that Bell is acting *pro se*, but this does not relieve her of her duty to comply with our appellate rules. ***See Commonwealth v. Vurimindi***, 200 A.3d 1031, 1037 (Pa. Super. 2018), *appeal denied*, 217 A.3d 793 (Pa. 2019), *cert. denied*, 140 S. Ct. 1147 (2020) ("Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant.  To the contrary, any person choosing to represent [her]self in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing.") (citation omitted).  Although we could quash her appeal on this basis, ***see*** Pa.R.A.P. 2101, we decline to do so where we can discern her arguments.

[6] "Where a new sentence is imposed at a probation revocation hearing, the revocation hearing date must be employed when assessing finality under § 9545(b)(3) to any issues directly appealable from that hearing."  However, the

conclusion of direct review, "including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements of the PCRA are jurisdictional in nature, courts cannot address the merits of an untimely petition. *See Commonwealth v. Moore*, 247 A.3d 990, 998 (Pa. 2021).

Bell was convicted on September 29, 2008. This Court dismissed the direct appeal on July 14, 2009, and she did not seek review in our Supreme Court. Therefore, her judgment of sentence became final on August 14, 2009, and her PCRA petition filed on January 27, 2022, is untimely on its face by over a decade, and we lack jurisdiction to consider any claims raised therein unless Bell pleads and proves one of the three limited exceptions to the time-bar:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

---

none of Bell's claims involve issues related to the revocation hearing. *Commonwealth v. Anderson*, 788 A.2d 1019, 1021 (Pa. Super. 2001), *appeal denied*, 798 A.2d 1286 (Pa. 2002).

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

**A.**

Bell invokes the newly-discovered facts exception. A petitioner satisfies the newly-discovered facts exception through pleading and proving that there were facts that were unknown to her and that she exercised due diligence. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1274 (Pa. 2007). "Due diligence demands that the petitioner take reasonable steps to protect [her] own interests; a petitioner must explain why [she] could not have learned the new facts earlier with the exercise of due diligence." **Commonwealth v. Sanchez**, 204 A.3d 524, 526 (Pa. Super. 2019) (citation omitted).

Bell argues that she is entitled to application of the newly-discovered facts exception because she was not aware that her trial counsel "was on probation for his continued alcohol abuse and violated that probation. … The record reflects that at the time of [her] trial … [trial counsel] on October 8, 2008 was sentenced to serve a mandatory of (a) 15 months intermediate punishment on electronic monitoring, and (b) serve his 24 months probation." (Bell's Brief, at 3-4). She concludes that this "continued alcohol/substance abuse from the time prior to [Bell's] case thru the trial and appellate process has harmed her irreparably in her pursuit of justice." (**Id.** at 4). This attempt to apply the newly-discovered facts exception fails.

First, Bell fails to explain when she became aware of this fact or why, with the exercise of due diligence, she could not have discovered it sooner than over a decade later. Further, other than mere speculation, she has not averred how this affected her case. Thus, she has failed to plead and prove that she can avail herself of the newly-discovered facts exception. Moreover, even had she established this, she would not be due any relief because "[o]ur Supreme Court has made clear that the section 9545(b)(1)(ii) exception will not apply to alleged ineffective assistance of counsel claims, even if the claims were not knowable until later" learned by petitioner. *Commonwealth v. Perrin*, 947 A.2d 1284, 1287 (Pa. Super. 2008) (citations omitted); *see Commonwealth v. Fahy*, 737 A.2d 214, 233 (Pa. 1999) (claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on merits).[7]

**B.**

Bell also claims that the petition is timely pursuant to the newly-discovered facts exception because she was not aware that the trial court had granted her petition for *habeas corpus* relief in 2004, which proves her

_____

[7] Because a claim of ineffectiveness of counsel does not save an otherwise untimely PCRA petition, Bell's claim that counsel was *per se* ineffective for failing to file a court-ordered Rule 1925(b) statement or appellate brief in her direct appeal likewise fails as an attempted timeliness exception. Bell had a year after her judgment of sentence became final on August 14, 2009, to raise a timely ineffectiveness challenge on this basis, at which point she could have raised an ineffectiveness claim and related legality of sentence challenge.

innocence. (*See* Bell's Brief, at 1, 3). First, this issue is waived for Bell's failure to raise it in her Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); *Commonwealth v. Davis*, 273 A.3d 1228, 1239 n.5 (Pa. Super. 2022) (waiving issue where appellant did not specifically raise it in Rule 1925(b) statement).

Moreover, on September 22, 2006, the trial court entered an order in which it expressly stated that the May 10, 2004 order was signed in error. (*See* Order, 9/22/06). Bell is not entitled to relief on this issue.

## C.

Bell claims that her sentence[8] was illegal because the counts should have been merged for sentencing purposes. (*See* Bell's Brief, at 1-2). This claim also fails because she was aware of her sentence for nearly fourteen years at the time that she filed her PCRA petition so it is patently untimely.

Bell argues, however, that this issue cannot be waived and, therefore, no timeliness exception need apply; it is well-settled that, "[a]s long as this

---

[8] Bell does not identify if she is challenging the original sentence or the sentence imposed after her revocation proceeding. Based on her argument, it appears clear that she is challenging the original sentence. However, for sake of completeness, we note that the sentence of three-and-one-half to seven years for theft by failure to make required distribution of funds, a felony of the third degree, was lawful. *See* 18 Pa.C.S. § 1103(3).

Court **has jurisdiction** over a matter, a legality of sentencing issue is reviewable and cannot be waived. **However**, a legality of sentencing issue **must be raised in a timely filed PCRA petition**." *Commonwealth v. Whitehawk*, 146 A.3d 266, 270 (Pa. Super. 2016) (citations omitted; emphases added); *see also Fahy*, 737 A.2d at 223 ("[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

This issue fails.

### D.

Finally, Bell claims that PCRA counsel's representation was ineffective because they had "irreconcilable differences" and he "did not review … the exceptions that would preclude any time bar statements[.]" (Bell's Brief, at 4-5).

In considering an ineffective assistance of counsel claim, we observe first that counsel is presumed effective and that a petitioner bears the burden to prove otherwise. *See Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. Super. 2014). To establish an ineffectiveness claim, a defendant must prove:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Id.* (citation omitted). "Failure to prove any prong of this test will defeat an ineffectiveness claim. When an appellant fails to meaningfully discuss each of

the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development." ***Id.*** (citations and internal quotation marks).

Bell does not meaningfully discuss any prong of the ineffectiveness test. She fails to identify what the "irreconcilable difference" was or explain what is meant by her allegation that PCRA counsel "failed to review the exceptions that would preclude any time bar statements." (Bell's Brief, at 4-5). Because Bell fails to develop her claim of PCRA counsel's ineffectiveness in any meaningful way to allow for our review, she is not entitled to relief on this claim.[9]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/6/2023

---

[9] It appears that PCRA counsel's representation was effective where he undertook a conscientious review of the record before filing a ***Turner***/***Finley*** letter concluding that Bell's issues were time-barred and she was not entitled to relief.