J-S43043-25                    2026 PA Super 46

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                       :            PENNSYLVANIA
                                                       :

           v.                                 :

JOSE ANTONIO CRUZ                   :

           Appellant               :       No. 1529 EDA 2024

Appeal from the PCRA Order Entered April 29, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003697-2011

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                         :            PENNSYLVANIA
                                                       :

           v.                                 :

JOSE ANTONIO CRUZ                   :

           Appellant               :       No. 1530 EDA 2024

Appeal from the PCRA Order Entered April 29, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003701-2011

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

OPINION BY BENDER, P.J.E.:                     **FILED MARCH 12, 2026**

      Appellant, Jose Antonio Cruz, appeals from the orders denying his petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.

§§ 9541-9546. We affirm the orders on the alternative basis that the underlying petitions are untimely. [1]

The facts underlying Appellant's convictions are immaterial to our analysis, and a detailed account of the facts is available in our decision affirming Appellant's judgment of sentence on direct appeal. *See Commonwealth v. Cruz*, No. 92 EDA 2013, at *1-5 (Pa. Super. filed Sept. 22, 2014) (unpublished memorandum).

Appellant did not seek further review with our Supreme Court. He commenced timely PCRA proceedings on September 24, 2015, and we affirmed the PCRA court's dismissal thereof. *See Commonwealth v. Cruz*, No. 2543 EDA 2016, (Pa. Super. filed May 15, 2018) (unpublished memorandum). Appellant raised four issues on appeal, including claims of trial counsel ineffectiveness. We concluded that three of the four issues did not warrant relief. As to the fourth, we remanded for further proceedings. Appellant argued that "direct appeal counsel was ineffective for failing to file a petition for allowance of appeal … in the Pennsylvania Supreme Court after this Court affirmed his judgment of sentence." *Id.* at *9. Specifically, he alleged that direct appeal counsel failed to inform him that this Court denied relief on direct appeal, causing him to miss the thirty-day period to seek review with our Supreme Court. *See* Pa.R.A.P. 1113(a). The PCRA court had

---

[1] Appellant was charged at two separate dockets for crimes arising out of the same episode. We granted Appellant's request to consolidate these appeals. Order, 8/27/24. For ease of reference, we generally refer to the underlying PCRA petitions and orders in the singular.

rejected that claim due to appointed PCRA counsel's representation in a letter allegedly sent to Appellant. We "decline[d] to deny [Appellant]'s claim based solely on PCRA counsel's interpretation of a letter which is not included in the certified record," and remanded for "an evidentiary hearing limited to that issue." *Id.* We affirmed in all other respects.

On remand, the PCRA court held a hearing and granted reinstatement of Appellant's right to file a petition for allowance of appeal ("PAA") in our Supreme Court. Our Supreme Court denied the petition on July 23, 2019. *Commonwealth v. Cruz*, 216 A.3d 1023 (Pa. 2019) (per curiam).

Appellant filed the PCRA petition underlying these appeals on September 30, 2020. The PCRA court issued a notice of intent to dismiss, concluding that the petition was untimely on its face. *See* Notice of Intent to Dismiss, 10/9/20, at unnumbered 1. Appellant filed a reply, asserting that the petition was in fact timely, citing *Commonwealth v. Turner*, 73 A.3d 1283 (Pa. Super. 2013), for the proposition that the "time period for filing [a] PCRA petition restarts after order reinstating petitioner's direct appeal rights upon grant of first PCRA petition" thus making this his first PCRA petition. Response, 10/28/20, at 2. The PCRA court issued an order agreeing with Appellant that his PCRA petition was timely, and appointed counsel. Order,

10/30/20 (single page). Following protracted litigation, appointed counsel filed a *Turner/Finley*[2] "no-merit" letter and petition to withdraw.

On February 29, 2024, the PCRA court issued a notice of intent to dismiss. Appellant filed objections on March 25, 2025, and the PCRA court dismissed the petition on April 29, 2024. Appellant filed a timely notice of appeal at each docket[3] and complied with the PCRA court's order to file a Rule 1925 statement. The PCRA court filed its responsive opinion. Appellant raises two issues for our review.

> 1. Whether the PCRA court committed an error of law by failing to hold evidentiary hearings or grant relief due to trial counsel's failure to investigate, discover and present petitioner's history of chronic alcoholism; polysubstance abuse disorder; cocaine-induced psychotic episodes; genetic predisposition to blackouts; dysfunctional childhood of abuse and neglect which caused post-traumatic stress; major depression; insomnia; and anxiety disorder in support of the defense of diminished capacity due to voluntary intoxication or mental defect?

> 2. Whether the PCRA court committed an error of law in failing to grant relief or hold evidentiary hearings on the *Brady* [*v. Maryland*, 373 U.S. 83 (1963)] claims where the record shows that the prosecutor intentionally withheld evidence, made untimely disclosures on the eve of trial, and then commented on

_____

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[3] Appellant's notices of appeal were docketed more than thirty days after the trial court's order. Appellant attached a certified mail receipt establishing that the documents were placed in the prison mail system on May 28, 2024. The "prisoner mailbox" rule deems the notice of appeal "filed on the date that the prisoner deposits the appeal with prison authorities, or places it in a prison mailbox." *Commonwealth v. Little*, 716 A.2d 1287, 1288 (Pa. Super. 1998). The notices of appeal are therefore timely.

facts outside of the record, during trial and again during closing, expressing his personal opinion that petitioner was lying to them?

Appellant's Brief at 4.

Our standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007).

"Before we can address the merits of these issues ... we must determine if the PCRA court had jurisdiction," as "[t]he timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Ballance***, 203 A.3d 1027, 1030–31 (Pa. Super. 2019). Upon review, we agree with the PCRA court's initial conclusion that this PCRA petition was untimely, ***see*** Notice of Intent to Dismiss, 10/9/20, at unnumbered 1, and affirm on that alternative basis. ***Commonwealth v. Williams***, 977 A.2d 1174, 1177 (Pa. Super. 2009) ("It is well-settled … that we may affirm the PCRA court's decision on any basis.") (citation omitted).

Subject to three statutory exceptions, any petition for relief under the PCRA must be filed within one year of the date the defendant's judgment of sentence becomes final.[4] 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the

---

[4] "The statute makes clear that where, as here, the petition is untimely, it is the petitioner's burden to plead in the petition and prove that one of the exceptions applies." ***Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999). As noted, Appellant maintains that this petition is timely and does not allege any exception applies.

Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(2). We affirmed Appellant's judgment of sentence on September 22, 2014, and he did not seek review with our Supreme Court. Thus, his judgment of sentence became final thirty days later on October 22, 2014. Accordingly, as the PCRA court initially determined, his PCRA petition filed in October of 2020 is patently untimely.

As previously stated, the PCRA court rescinded its notice of intent to dismiss and agreed with Appellant that restoration of his right to petition our Supreme Court for review of our direct appeal decision "reset" the finality calculation. Order, 10/30/20. Under this view, Appellant's judgment of sentence became final on October 21, 2019, i.e., ninety days after our Supreme Court denied his PAA and his time period for seeking review with the United States Supreme Court expired. *See* U.S. Sup. Ct. Rule 13. This calculation would make his September 30, 2020 filing timely.

For the following reasons, we conclude that the clock did not reset, and the only issues Appellant could potentially raise in this PCRA petition filed after the reinstatement of his right to file a PAA with our Supreme Court are those related to counsel's performance in the PAA proceedings.

Appellant and the PCRA court correctly recognized that restoration of a defendant's direct appeal rights "resets" the one-year time limit for filing a PCRA petition.

- 6 -

> To explicate, as we held in **Commonwealth v. Dehart**, 730 A.2d 991, 994 n. 2 (Pa. Super. 1999), a successful first PCRA petition does not "reset the clock" for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only.

**Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008).

The question here is whether, as the PCRA court and parties have presumed, restoration of the right to file a petition for allowance of appeal with our Supreme Court qualifies as a restoration of his "direct appeal rights" for purposes of this judicial rule. We conclude that, under these circumstances, this principle does not extend to restoration of the right to file a PAA because Appellant also received review of other PCRA claims.

The "reset" theory discussed in **McKeever** seeks to effectuate legislative intent when performing a statutory analysis of the PCRA's eligibility provisions. Section 9545(b)(3), setting forth the time requirements for filing a PCRA petition, states that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Our Supreme Court "has made clear that the time limitations pursuant to the amendments to the PCRA are jurisdictional." **Commonwealth v. Fahy**, 737 A.2d 214, 222 (Pa. 1999). The PCRA makes plain that "challenges to a conviction must be raised ... within one year of final judgment[.]" Moreover, our courts have concluded that this

- 7 -

one-year period "is sufficiently generous to prepare even the most difficult case[.]" *Id.*

Our decision in **Commonwealth v. Anderson**, 788 A.2d 1019 (Pa. Super. 2001), explains that applying the "reset" theory requires consideration of whether the outcome would frustrate the purpose of affording finality to criminal judgments after the period for seeking collateral review expires. Anderson accepted a negotiated guilty plea on May 5, 1997, and did not file an appeal; his judgment of sentence became final on June 4, 1997. On June 3, 1998, the trial court resentenced Anderson for violating his probation. *Id.* at 1020. Again, Anderson did not file a direct appeal. Instead, on October 2, 1998, he filed a PCRA petition seeking to challenge his plea counsel's stewardship, which was untimely as it was filed more than one year after his original plea date. Nonetheless, Anderson argued "that the revocation of probation 'reset the clock' on the PCRA time limitations. Accordingly, he insists that his October 2, 1998, petition is timely because it was filed within one year of July 3, 1998." *Id.* at 1021. We rejected this theory, explaining that a probation "revocation does not materially alter the underlying conviction such that the period available for collateral review must be restarted." *Id.* Furthermore:

> The Legislature did, however, by its enactment of 42 Pa.C.S.[]
> § 9543(a)(2)(vii), intend to provide collateral review to probation
> revocation issues. As such, we find that probation revocation
> presents a special situation insofar as determining timeliness
> under § 9545. We hold that where a new sentence is imposed at
> a probation revocation hearing, the revocation hearing date must
> be employed when assessing finality under § 9545(b)(3) to any

- 8 -

issues directly appealable from that hearing. **To hold otherwise would frustrate the purpose behind the PCRA.**

*Id.* (emphasis added).

Our decision in *McKeever*, *supra*, is analogous. McKeever entered a guilty plea to several crimes and was sentenced in 1995. In 2005, long after his judgment of sentence became final, a federal court granted his petition for a writ of *habeas corpus*, concluding that one of the convictions was invalid. *McKeever*, 947 A.2d at 783. The Court of Common Pleas of Erie County thereafter resentenced McKeever. *Id.* McKeever filed an appeal from that new judgment of sentence and, afterwards, filed for PCRA relief and sought to challenge aspects of the case which remained undisturbed by the federal courts. *Id.* at 784. We concluded that his petition was untimely. *Id.* at 785.

> Although [McKeever] successfully challenged his corrupt organizations convictions and sentences successfully in federal court, the remainder of his convictions, each having a distinct sentence, were not disturbed by the Eastern District Court's grant of habeas corpus relief or by the trial court when it vacated the corrupt organizations sentences in its resentencing order.

*Id.* The *McKeever* Court therefore held that the judgment of sentence as to the non-vacated sentences became final in 1995.

The *McKeever* case involves a grant of relief in federal proceedings as opposed to the reinstatement at issue here, but the case implicitly holds that, since McKeever had a full opportunity to raise issues unrelated to the federal relief under the "normal" finality calculation, granting additional opportunities for PCRA review would undermine legislative intent. *See also Commonwealth v. Lesko*, 15 A.3d 345, 362 (Pa. 2011) (holding that "a

limited grant of federal *habeas* sentencing relief does not give rise to a 'right' to full-blown serial PCRA review").

We similarly conclude that "resetting" the clock under the circumstances of the case at bar would frustrate legislative intent. We start by noting that a **complete** restoration of appellate rights furthers legislative intent by promoting uniform treatment. In **Commonwealth. v. Lantzy**, 736 A.2d 564, 567 (Pa. 1999), our Supreme Court held that the PCRA's provision authorizing relief for ineffective assistance of counsel permitted reinstatement of appellate rights where the attorney failed to file an appeal as requested by the client. "Since the failure to perfect a requested appeal is the functional equivalent of having no representation at all," **id.** at 571, the deprivation of counsel warrants restoring the right to seek appeal, and "the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal." **Id.** at 572.

"Resetting" the clock where the accused has not received **any** sort of appellate review thus ensures that the convicted defendant has a full opportunity to litigate a direct appeal of his judgment of sentence, followed by collateral review. This scheme ensures that the individual can also raise ineffective assistance of counsel claims related to direct appeal counsel's stewardship. Furthermore, it eliminates any uncertainty of when the clock should start running. In such circumstances, a "reset" simply puts the convicted defendant back to the same position they would have enjoyed had

the requested appeal been filed and treats such individuals identically to all other PCRA petitioners.

Conversely, "resetting" the clock when an accused was merely denied the opportunity to petition our Supreme Court for a discretionary appeal and then chose to litigate PCRA claims unrelated to that failure would frustrate legislative intent regarding restrictions on collateral review by granting PCRA review beyond the express terms of the statute. Appellant received a direct appeal and there was no barrier whatsoever to filing a PCRA petition within one year of the date his judgment of sentence became final. Significantly, Appellant sought PCRA review in 2018 and we affirmed the denial of all claims aside from the PAA reinstatement. Applying the judicial "reset" rule at this time would award Appellant a second bite at the apple. This outcome is disfavored. **Cf. Commonwealth v. Holmes**, 79 A.3d 562, 578 (Pa. 2013) (authorizing unitary review of direct appeal claims and collateral claims in some circumstances; "Permitting broad and unitary review where there is a waiver of PCRA rights does not raise the prospect of arbitrarily affording some defendants two rounds of collateral review as of right, while denying that option to other defendants[.]")

Additionally, in **Commonwealth v. Sepulveda**, 144 A.3d 1270, 1280 (Pa. 2016), our Supreme Court held that when an appellate court remands to the PCRA court for limited proceedings, the PCRA court "does not have discretion to treat new claims raised by a PCRA petitioner as an amended PCRA petition following remand … unless such amendment is expressly

authorized in the remand order." The Court added: "To hold otherwise would allow 'an extra round of collateral attack for certain defendants, unauthorized by the General Assembly,' which this Court has expressly condemned." **Id.** at 1280 n.21 (citing **Holmes**). Similarly, Appellant cannot receive an extra round of collateral review.

Finally, we note that our constitution guarantees a right of appeal. Pa. Const. Art. 5, § 9. In non-capital criminal cases, that appeal is to this Court. **See** 42 Pa.C.S. § 742 ("The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas … except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court."); **Id.** § 722(4) (conferring jurisdiction in direct appeals from capital cases with the Supreme Court). Thus, when a defendant does not receive that appeal as of right, he or she loses their one guaranteed opportunity to have trial court errors reviewed by the appellate courts.

However, there is no corresponding constitutional right to have the Supreme Court hear an appeal from this Court's criminal docket. **See** Pa.R.A.P. 1114(a) ("[R]eview of a final order of the Superior Court … is not a matter of right, but of sound and judicial discretion, and an appeal will be allowed only when there are special and important reasons therefor."). This standard generally does not encompass error correction. **Commonwealth v. King**, 212 A.3d 507, 517 (Pa. 2019) (Donohue, J., concurring) (noting that our Supreme Court's review "generally is not focused on correcting errors

committed by the lower courts, but on determining the substantive law to be followed by courts analyzing similar issues in the future"). Accordingly, the total loss of an appeal warrants "resetting" the clock due to the importance of the right involved. *See Commonwealth v. Halley*, 870 A.2d 795, 801 (Pa. 2005) ("As indicated in *Lantzy,* the remedy for the deprivation of the **fundamental right** to appeal is its restoration.") (emphasis added).

In sum, we decline to "reset" the clock where, as here, the individual received their constitutional right to an appeal and a full review of his initial PCRA claims following the expiration of his direct appeal rights.[5]

Finally, we will assume for purposes of our disposition that Appellant could have raised claims involving counsel's stewardship with respect to the PAA proceeding. Because he has not done so and purports to raise issues beyond the PAA proceedings, his petition is time-barred.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/12/2026

---

[5] We emphasize that our holding does not establish a categorical rule. We do not foreclose the possibility that some other circumstance may justify treating the subsequent petition as a "first" petition such that legislative intent would not be frustrated. For example, we do not address a scenario where a petitioner seeks and/or receives **only** reinstatement of the right to file a PAA.